[Crim. No. 1859.   Fourth Dist.   Nov. 19, 1963.]

THE PEOPLE, Plaintiff and Respondent, v. JESSE B. NATIVIDAD, Defendant and Appellant.

Mary E. Harvey, under appointment by the District Court of Appeal, for Defendant and Appellant.

Stanley Mosk, Attorney General, and William E. James, Assistant Attorney General, for Plaintiff and Respondent.

COUGHLIN, J.—The defendant was charged with three counts of issuing a check without sufficient funds, i.e., a violation of section 476a of the Penal Code; entered a plea of guilty on two counts thereof, and the third was dismissed; and made an application for probation, which was granted. No judgment imposing sentence was pronounced. Two years later he was rearrested and his probation was revoked because he had violated the same. Thereupon judgment was pronounced and he was sentenced to imprisonment in the state prison. He appealed from the judgment; requested this court to appoint counsel to represent him which, after investigation, was denied upon the ground that such an appointment would serve no useful purpose; and thereupon filed a brief on appeal in propria persona. The judgment was affirmed. Concurrently, the Supreme Court of the United States filed its opinion in *Douglas* v. *People of the State of California*, 372 U.S. 353 [83 S.Ct. 814, 9 L.Ed.2d 811] requiring the appointment of counsel for indigents in all cases on appeal. The defendant petitioned the Supreme Court of this state for a hearing, which was granted, and the cause was retransferred to this court for further consideration. Thereupon, pursuant to the mandate of the Supreme Court of the United States, counsel was appointed as requested; and was granted time for the preparation and filing of a brief on defendant's behalf. In due course appointed counsel filed a memorandum in lieu of such a brief, that disclosed a sincere, able and diligent effort in the premises, in which she stated that the record in the case had been carefully reviewed, including an independent examination of the files of the probation department; concluded that such review revealed no valid ground for an appeal; discussed each of the issues raised by the defendant in the brief filed by him in propria persona; and frankly conceded that no meritorious ground for appeal, not theretofore raised by the defendant, had been found.

We have reconsidered the contentions originally urged by the defendant asserting alleged irregularities in the proceedings as error, viz., (1) that he was not advised concerning the

nature of the offense to which he pleaded guilty; (2) that his attorney did not properly represent him; (3) that he was not permitted to contest the charges that he had violated his probation; and (4) that the alleged violations did not in fact occur. Our conclusions are the same as those previously expressed.

The Attorney General, representing the respondent herein, moves this court for an order dismissing the appeal upon the ground that it "presents no appellate objective." A judgment on a plea of guilty is not appealable on the merits. (*Stephens* v. *Toomey,* 51 Cal.2d 864, 870 [338 P.2d 182]; *People* v. *Emigh,* 174 Cal.App.2d 392, 393 [344 P.2d 851].) However, where, following a plea of guilty an application for probation is granted; imposition of judgment is suspended; thereafter probation is revoked; and a judgment ensues, the validity of the order revoking probation may be reviewed on an appeal from the ensuing judgment (*In re Davis,* 37 Cal.2d 872, 875 [236 P.2d 579]), as may also any irregularities going to the jurisdiction or legality of the proceedings. (*Stephens* v. *Toomey, supra,* 51 Cal.2d 864, 870; see e.g., *People* v. *Alberts,* 197 Cal.App.2d 108 [17 Cal.Rptr. 48].) The defendant's contentions in the instant case bring it within the latter rule. The motion for dismissal should be denied.

A complaint charging the defendant with three counts of issuing checks without sufficient funds was filed in the municipal court. After appointment of counsel to represent him, the defendant was arraigned thereon and entered a plea of guilty to two of these counts. Thereupon the third count was dismissed, and the matter was certified to the superior court as provided by law. When the case came before the latter court, the judge thereof concluded, although erroneously, that the offenses in question were misdemeanors rather than felonies and remanded the proceedings to the municipal court. In the latter court the defendant again entered a plea of guilty, and again was certified to the superior court for pronouncement of judgment. The case came before the superior court a second time and, on this occasion, the judge having become aware of his prior erroneous concept respecting the nature of the offenses charged, the matter was retained. The defendant reiterated his plea of guilty, and applied for probation. His application was granted. No judgment was pronounced. Instead, he was placed on probation for five years upon condition that he violate no law; support

his family; not maintain a checking account; write no checks; have no blank checks in his possession; and that he be confined in an adult detention facility of the county for one year. After serving less than eight months in such facility, he was released on an order modifying his probation in this regard.

The defendant contends that he did not know he was pleading guilty to a felony, but believed that the offense charged against him was a misdemeanor. The record does not substantiate such a contention. Furthermore, the defendant does not contend that his plea of guilty was entered through any mistake; that he was not guilty of the offenses in question; or that he would not have entered his plea had he known these offenses were felonies. The alleged irregularities of which he complains, under the circumstances, are of no legal consequence. The offense in question is punishable by imprisonment in the county jail or in the state prison (Pen. Code, § 476a), unless the total amount of the checks issued by the accused does not exceed $50, and its character as a felony or a misdemeanor is fixed by the punishment imposed (Pen. Code, § 17), which is a matter committed to the discretion of the court. In the instant case, the total of the two checks involved in the offenses to which the defendant pleaded guilty was $65. Under these circumstances, he could have been imprisoned for either a misdemeanor or a felony.

The defendant also contends that he was not properly represented by counsel, but does not detail any misconduct, incompetence, lack of diligence or any other impropriety which supports his contention. The representation afforded an accused will not be declared inadequate unless it is shown that his counsel displayed such a lack of good faith, diligence and competence as to reduce the proceedings to a " 'farce or a sham.' " (*People* v. *Wein,* 50 Cal.2d 383, 410 [326 P.2d 457]; *People* v. *Ricks,* 161 Cal.App.2d 674, 678 [327 P.2d 209].) The record before us belies the defendant's contention in the premises.

The defendant's alleged claims of error in connection with the proceeding which resulted in the revocation of his probation are without merit. Whenever it appears that a defendant has failed to comply with the terms imposed as a condition to his probation the trial court, in the exercise of its discretion, may revoke the probation granted him. (Pen. Code, § 1203.2; *In re Larsen,* 44 Cal.2d 642, 645 [283 P.2d 1043].) Although the court may not act arbitrarily in the

premises (*In re Davis, supra,* 37 Cal.2d 872, 875), if the alleged violations are established by a report from the probation officer no other evidence need be considered. (*In re Levi,* 39 Cal.2d 41, 44 [244 P.2d 403] ; *In re Dearo,* 96 Cal.App.2d 141, 143 [214 P.2d 585].) ▮ It appears from the probation officer's report in the instant case that after the defendant's release from the county jail he was convicted of the offense of issuing a check without sufficient funds in Monterey County, California; was arrested and convicted of "Disorderly Conduct" in Portsmouth, Virginia; was arrested and convicted of a similar offense in Reno, Nevada; wrote and passed checks on nonexistent bank accounts while in Washington, D.C., in the total sum of $80; and presented a $400 check to the United Airlines in Chicago, Illinois, which was dishonored. In an interview with the probation officer concerning these matters, the defendant offered excuses for his conduct which were presented in the report submitted to the court. At the probation hearing the defendant personally told the court that he had not issued any "bad check" and that what he had issued was a "promissory note." The court refused to accept his explanation. The defendant's complaint that he was not permitted to testify about these matters does not merit serious consideration. The law does not require such. (*In re Levi, supra,* 39 Cal.2d 41, 44.) Furthermore, he did make the statement heretofore noted; and he fully presented his case to the probation officer who, in turn, incorporated it in the report filed. No abuse of discretion appears and the order revoking probation is without error.

The judgment is affirmed. The motion to dismiss is denied.

Griffin, P. J., and Brown (Gerald), J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied January 7, 1964.