Clarence **HENDERSON**, Appellant,

v.

**Robert A. HEINZE**, Warden, Folsom State Prison, Appellee.

No. 19855.

United States Court of Appeals
Ninth Circuit.

July 14, 1965.

---

Clarence Henderson in pro. per.

Thomas C. Lynch, Atty. Gen., of Cal., Doris H. Maier, Asst. Atty. Gen., of Cal., Richard K. Turner, Deputy Atty. Gen., of Cal., Sacramento, Cal., for appellee.

Before MADDEN, Judge of the United States Court of Claims, and JERTBERG and BROWNING, Circuit Judges.

JERTBERG, Circuit Judge:

Petitioner, one Williams and one Auls, were convicted by a jury in the Superior Court of the State of California in and for the County of Yolo, of the offense denounced in § 591 of the Penal Code of the State of California.[1]

1. "§ 591.  Telegraph, telephone, or electric lines.

"Every person who unlawfully and maliciously takes down, removes, injures or

On appeal from the judgment of conviction to the District Court of Appeal for the State of California, Third District, the judgment of conviction was affirmed. (People v. Henderson, 214 Cal. App.2d 290, 29 Cal.Rptr. 297). No petition for rehearing was filed. The petition of petitioner for a hearing by the Supreme Court of California was denied. (People v. Henderson, supra.)

Thereafter petitioner sought to file a petition for writ of habeas corpus in the United States District Court for the Northern District of California, Northern Division, in which he sought to raise the contention that he was convicted on the basis of evidence obtained through an illegal search and seizure in violation of the provisions of the Fourth Amendment to the Constitution of the United States. Permission to file this document was denied on the ground that the petition failed to show an exhaustion of available state remedies.

Petitioner then filed a petition for habeas corpus with the Supreme Court of the State of California alleging that his conviction was based upon evidence which was obtained by means of an illegal search and seizure. This petition was denied. Petitioner next filed a petition for habeas corpus which is the subject matter of the proceedings before us, raising again the search and seizure issue.

It is undisputed that the search and seizure issue was not raised at the trial in the Superior Court, nor was it raised on appeal to the District Court of Appeal for the State of California.

The District Court issued an order to show cause directed to the appellee. Appellee filed a return to the order and a motion to dismiss, contending: (1) that petitioner had intentionally by-passed the California procedure for raising the search and seizure question, and (2) that

the evidence did not support appellant's claim of unlawful search. A traverse was filed by appellant. There was also filed with the District Court a record of the State Court proceedings.

Thereafter the District Court issued a memorandum and order which, in pertinent part, provides:

"Petitioner bases his application on the contention that the conviction pursuant to which he is presently confined was based on evidence obtained by an illegal search and seizure.

"It is undisputed that petitioner by-passed the California procedures for raising the question of illegal search and seizure. No objections were made at or before trial to the admission of the evidence alleged to have been illegally seized. The transcript of the proceedings at trial reveals that defense counsel specifically stated that he had no objection to the admission of the evidence.

"It is true, as respondents point out, that Fay v. Noia, 372 U.S. 391 [83 S.Ct. 822, 9 L.Ed.2d 837] (1963) establishes that 'the federal habeas judge may in his discretion deny relief to an applicant who has deliberately by-passed the orderly procedure of the state courts and in so doing has forfeited his state court remedies.' 372 U.S. 439 [83 S.Ct. 849].

"But Fay v. Noia also establishes that this may be done 'only after the federal court has satisfied itself, by holding a hearing or by some other means of the facts bearing upon the applicant's default. (And a finding of 'deliberate by-passing' may be based only) on the considered choice of the petitioner. . . . A choice made by counsel not participated in by the petitioner does not automat-

---

obstructs or makes any unauthorized connection with any line of telegraph or telephone, or any other line used to conduct electricity, or any part thereof, or appurtenances or apparatus connected therewith, or severs any wire thereof, is pun-

ishable by imprisonment in the state prison not exceeding five years, or by a fine not exceeding five hundred dollars, or imprisonment in the county jail not exceeding one year."

ically bar relief.' 372 U.S. 439 [83 S.Ct. 849].

"There is nothing in the present record from which this Court can 'satisfy itself' that the decision of counsel not to object to the admission of the evidence in question, and thus to forego the California procedures for raising the search and seizure question, was 'participated in' by petitioner.

"Thus, before ruling on respondents' contention that petitioner 'deliberately by-passed' his state remedies, and before ruling on the other contentions made by respondents on the motion to dismiss, the Court must satisfy itself by a hearing or some other means of the facts bearing on petitioner's default.

"The Court, therefore, will withhold a decision on respondents' motion and direct respondents to file additional materials pertinent to the question of 'deliberate by-pass' including, if possible, affidavits from the attorney who represented petitioner at trial, within twenty days from the date of this order. Petitioner then will be allowed twenty days after the filing of such papers by respondents to respond thereto or file additional materials of his own."

Pursuant to the order, the appellee submitted an affidavit of appellant's trial counsel in which said counsel alleges: (1) that prior to trial he consulted with the appellant and advised him of the legal effect of the evidence appellant now claims was unlawfully seized; (2) that he informed appellant that, in his opinion, the evidence was admissible and was not seized as a consequence of an illegal search and seizure; that in said counsel's opinion the police officers had probable cause to arrest appellant and his co-defendants; and that appellant's code-fendant had freely consented to the search; (3) that appellant was alert and attentive during all interviews with said counsel and during the trial and was able to comprehend the proceedings; (4) that appellant understood counsel's explana-

tions with regard to the seized evidence and did not disagree with said counsel's view of the case or with his proposed conduct of the trial nor did appellant object at trial (to his counsel or the court) to the admission of the aforesaid evidence; and (5) that the appellant did not intend to object to the evidence in question but intended to and did rely upon the defense that the evidence was found by the road. Petitioner filed a reply to his counsel's affidavit. In such reply petitioner did not deny that he had consulted with and had been advised by counsel with regard to the search and seizure question but alleged he is an uneducated person and did not understand what his attorney explained to him.

Thereafter the District Court dismissed petitioner's application for writ of habeas corpus stating, in part:

"Counsel and petitioner discussed the question of admissibility of the evidence whereupon counsel advised petitioner of the legal effect of the evidence which was to be used against him and, further, of his opinion that it was admissible. Thus, there was a decision made by the defense in which decision petitioner participated. Nothing more is required. Even though he may not have understood either the legal rationale for the decision or its legal consequences, petitioner, nevertheless, understood that his attorney had made a decision that permitted the evidence to be admitted."

Petitioner's major contention on this appeal is that he "did not knowingly and intentionally waive the illegal search question in the trial court."

The deliberate by-passing of state procedure and waiver are substantially the same. Henry v. State of Mississippi, 379 U.S. 443, 448, 85 S.Ct. 564, 13 L.Ed.2d 408 (1965); Nelson v. People of State of California, decided May 25, 1965, 346 F.2d 73 (9th Cir. 1965).

We believe that petitioner's major contention must be rejected on the authority of our recent decision in Nel-

son v. People of State of California, supra. In that case, counsel for Nelson, a state prisoner, disagreed with Nelson's views that the search and seizure in that case was illegal and should be raised on the trial in the state court. Counsel stated to Nelson that in his opinion the search was legal and advised Nelson of his decision not to raise the issue at the trial. Although Nelson disagreed with such decision the issue was not raised at the trial without further objection on the part of Nelson. This court affirmed the order of the District Court dismissing the petition for habeas corpus. The facts in the instant case are well within the rationale expressed in Nelson.

One further question presented on this appeal remains. Petitioner objects to the submission of the affidavit by his trial counsel regarding the facts surrounding petitioner's failure to raise the constitutional question of alleged illegal search and seizure before the trial court. He argues that such was a violation of the attorney-client privilege respecting confidential communications.

■ First, it appears that there is contained in the affidavit no averment by counsel of any communication from petitioner to him. While counsel avers that: petitioner was "alert and attentive" ; that "he understood and comprehended affiant's explanations in regard to the seized evidence" ; and that petitioner "did not express dissatisfaction with affiant's view of the case", these are not communications which may be the subject of the privilege. See, United States v. Kendrick, 331 F.2d 110 (4th Cir. 1964).

Secondly, as to communications from counsel to petitioner, it is stated in the affidavit:

"That affiant informed petitioner Henderson that, in affiant's opinion, the evidence seized at the time of Henderson's arrest (this evidence being composed of Pole Climbers, Cutters, copper wire and gloves) was admissible and was not seized as the result of an illegal search and sei-

zure. Affiant explained to petitioner Henderson the reasons supporting affiant's conclusion that the search was not illegal. Affiant explained to petitioner Henderson that, in affiant's opinion, the police officers had probable cause to arrest petitioner and his co-defendants and to conduct a search incident thereto and that petitioner's co-defendant had freely consented to the search."

■ If it be assumed that the communications of an attorney to his client are within the privilege, the reason for such privilege is to prevent the use of the attorney's statements as admissions of his client, and to prevent inferences of the tenor of the client's communications. 8 Wigmore, Evidence, (McNaughton Rev.1961), § 2320, pp. 628, 629.

■ Such reasons for the rule are not persuasive or readily apparent when applied to this habeas corpus proceeding.

[A] "federal habeas judge may in his discretion deny relief to an applicant who has deliberately bypassed the orderly procedure of the state courts and in so doing has forfeited his state court remedies. * * If a habeas applicant, after consultation with competent counsel or otherwise, understandingly and knowingly forewent the privilege of seeking to vindicate his federal claims in the state courts, whether for strategic, tactical, or any other reasons that can fairly be described as the deliberate by-passing of state procedures, then it is open to the federal court on habeas to deny him all relief if the state courts refused to entertain his federal claims on the merits —*though of course only after the federal court has satisfied itself, by holding a hearing or by some other means, of the facts bearing upon the applicant's default.*" Fay v. Noia, 372 U.S. 391, 438, 439, 83 S.Ct. 822, 849, 9 L.Ed.2d 837 (1963). (Emphasis added); (citation omitted).

■ If the communications by petitioner's counsel to petitioner, as shown

by counsel's affidavit, are within the privilege, we hold that the privilege was waived when petitioner claimed in his habeas corpus proceeding that his right to be free of unreasonable search and seizure had been violated.

In the usual case, only the petitioner and his counsel are possessed of knowledge concerning the "deliberate" character of the failure to raise a defense. Were we to hold that the facts in this regard may not be the legitimate subject of inquiry in a habeas corpus proceeding, no basis would exist upon which the District Court could exercise its discretion other than upon the bare assertions of the petitioner. We refuse to countenance such result.

■ By our disposition of the case we need not consider the merits of petitioner's Fourth Amendment ground. And we believe petitioner's claim that the California trial court should have considered that ground on the basis of the total atmosphere of the case to be without merit.

The order appealed from is affirmed.