Walter Frederick **NELSON**, Appellant,

v.

Dr. G. Lee **SANDRITTER**, Superintendent
and Medical Director, Atascadero State
Hospital, California, Appellee.

No. 19661.

United States Court of Appeals
Ninth Circuit.

Sept. 28, 1965.

Walter Frederick Nelson, in pro. per.

Thomas Lynch, Atty. Gen., of Cal.,
Herschel T. Elkins, Deputy Atty. Gen.
of Cal., Los Angeles, Cal., for appellee.

Before JERTBERG and DUNIWAY,
Circuit Judges, and THOMPSON, District Judge.

PER CURIAM:

Petitioner appeals from the order of the
District Court denying his petition for
a writ of habeas corpus. The case was
submitted to us on the record without
briefs.

Petitioner seeks release from confinement in the Atascadero State Hospital,
Atascadero, California, to which he was
committed by the Superior Court of the
State of California, in and for the County
of San Joaquin, on November 16, 1955
as a psychopathic delinquent under the
provisions of former Section 7058 of the
Welfare and Institutions Code. The final
commitment for an indefinite period occurred after a ninety day study of Petitioner and after meticulous attention to
the requirements of due process.

In 1963, Petitioner sought his release
on a writ of habeas corpus. The petition was denied by the Superior Court
of the State of California, in and for
the County of San Luis Obispo, after a
hearing on November 18, 1963 in which
the Petitioner participated. The staff
psychiatrist from the Atascadero State
Hospital testified, in substance, that Petitioner was still mentally ill, that his
condition had not improved since his original commitment, that he periodically be-

came violent and deranged, attempted suicide and threatened others and was dangerous to himself and others. The prognosis was stated as very poor and the possibility of lifetime institutionalization suggested.

On April 21, 1964, Petitioner petitioned the Superior Court of the State of California, in and for the County of San Joaquin, for a writ of habeas corpus. The petition was denied upon the ground that the Court had no jurisdiction because its jurisdiction was limited to persons confined within the County of the particular Superior Court.

Then followed the instant petition to the United States District Court for the Southern District of California.

 Legal problems pertaining to the mentally ill are many and are difficult of solution. Doubtless, cases have arisen and will in the future arise which properly invoke the attention of a federal court for the protection of the constitutional rights of a judicially committed patient. Cf. United States ex rel. Carroll v. McNeill (2 C.C.A. 1961), 294 F. 2d 117. Unquestionably, such a patient is entitled to periodic judicial reconsideration of the causes for his involuntary confinement. Progress in the mental health sciences and in the treatment of the mentally ill will alone justify such reconsideration. How frequently a patient is entitled to judicial review of the causes of his confinement must depend upon the circumstances of each case. And as a general rule, such review is a matter exclusively for the courts of the State of confinement rather than the federal courts.

 In the circumstances of this particular case, we hold:

1. There was no violation of Petitioner's federal constitutional rights in the initial commitment hearing in 1955 nor in the denial of the petition for a writ of habeas corpus after hearing in 1963.

2. The 1964 petition for a writ of habeas corpus to the wrong Superior Court was a nullity. A petitioner cannot exhaust his state court remedies by peti-

tions or motions addressed to the wrong court.

3. The Petitioner has not exhausted his state court remedies.

The order denying the petition for a writ of habeas corpus is affirmed.