**Allen Beverley LEMBKE, Appellant,**

**v.**

**Harold V. FIELD, Superintendent, California Men's Colony, Appellee.**

**No. 21486.**

United States Court of Appeals Ninth Circuit.

June 28, 1967.

Allen Beverley Lembke, in pro. per.

Thomas Lynch, Atty. Gen., Daniel J. Kremer, Edsel W. Haws, Deputy Attys. Gen., Sacramento, Cal., for appellee.

Before BARNES, HAMLIN and BROWNING, Circuit Judges.

HAMLIN, Circuit Judge.

Allen Beverley Lembke, appellant herein, filed a petition in the United States District Court for the Northern District of California, Northern Division (now Eastern District of California), for a writ of habeas corpus. The district court issued an order to show cause and upon the return thereof and a traverse of certain of its allegations by appellant, the district court denied appellant's petition for the writ. A timely appeal was filed to this court which has jurisdiction under 28 U.S.C. § 1291.

The indictment found against appellant on February 10, 1944, was in four counts: In Count One he was charged with the crime of murder; in Counts Two, Three and Four he was charged with violations of sections of the Penal Code describing respectively the crimes of rape (section 261), sodomy (section 286), and lewd and lascivious conduct (section 288). After a trial before the court, a jury having been waived, the clerk's records of March 23, 1944, show the following entry:

"Upon conclusion of arguments, THE COURT RENDERS THE FOLLOWING VERDICT, IT IS THE JUDGMENT OF THE COURT, That the defendant be and he is hereby found Guilty of Murder in the First Degree without Malice as to the Count One of the Indictment AND FURTHER FINDS that the defendant be and he is hereby found 'Not Guilty' as to Counts Two, Three and Four of the Indictment."

On March 27, 1944, appellant was sentenced to "be punished by imprisonment in the state prison of the state of California for life." No appeal was taken from this conviction and sentence. Appellant, however, later applied to the California state courts for habeas corpus relief and this was denied without opinion.

In his petition for habeas corpus received in the United States District Court on November 5, 1965, appellant alleges that he was not aware of his right to appeal and was never informed by his court-appointed counsel or any other state agent of his right to file a notice of appeal. He alleges that his conviction was obtained in violation of the due process clause of the Fourteenth Amendment in that he was denied a proper motion for a change of venue by the trial court, in that he was coerced to waive trial by jury, in that he was coerced to waive a public trial, and in that he was deprived of a fundamental fair trial by being denied adequate and effective representation by court-appointed counsel.

The district court in denying appellant's petition for a writ relied upon the fact that appellant had not exhausted his available state remedies within the meaning of 28 U.S.C. § 2254 in that appellant might still petition the California courts for permission to file a late notice of appeal under Rule 31(a).[1] See Choate v. Wilson, 363 F.2d 543 (9th Cir. 1966); Haley v. Wilson, 357 F.2d 722 (9th Cir. 1966); Holley v. Cheuvront, 351 F.2d 615 (9th Cir. 1965). We feel that the California courts should be given an opportunity to determine whether or not

1. Cal.Rules of Court, rule 31(a).

Whenever a notice of appeal is received by the clerk of the superior court after the expiration of the period prescribed for filing such notice, the clerk shall mark it "Received (date) but not filed" and advise the party seeking to file the notice that it was received but not filed because the period for filing notice of appeal had elapsed and that he may petition the reviewing court for relief by verified statement or declaration under penalty of perjury, setting forth the date of the order or judgment from which the party seeks to appeal, the steps which the party took to file his notice of appeal on time, and any other information which has, or which the party believes has, a bearing upon the circumstances which caused the notice of appeal to arrive late.

there is any merit in appellant's contentions, and find no abuse of discretion in the order of the district court.

Judgment affirmed.