Ralph CASTRO—A–49037, Petitioner,

v.

John H. KLINGER et al., Respondent.

No. 65–1397.

United States District Court
C. D. California.

Oct. 31, 1967.

Ralph Castro, in pro per.

Thomas C. Lynch, Atty. Gen., William E. James, Asst. Atty. Gen., James K. Weber, Deputy Atty. Gen., Los Angeles, Cal., for respondent.

### ORDER

### DENYING PETITION FOR WRIT OF HABEAS CORPUS

HAUK, District Judge.

This is a matter returned from the Ninth Circuit due to petitioner's allegation of brutality in securing a confession. See Castro v. Klinger, 373 F.2d 847 (9th Cir. 1967).

The trial transcript and the opening brief on appeal in the State Court disclose that the question of a coerced confession was not raised by objection at trial nor was the claim pressed on appeal. See People v. Castro, 162 Cal.App.2d 177, 327 P.2d 596. Petitioner claims to have exhausted state remedies by virtue of filing two petitions for writ of habeas corpus in the State Supreme Court. It is not claimed that petitioner applied for habeas corpus to either the California Court of Appeal or to the Superior Court.

Copies of the two petitions to the California Supreme Court are now before this court. Both were denied without opinion on July 10, 1964, and September 8, 1965, respectively.

The first petition did not raise any claim of coercion or any objection to the introduction of the statements.

The second petition did cite cases that a coerced confession would not be admissible, though it did not expressly say that petitioner's statements were coerced. It did contain the following sentence:

"Failure to advice [sic] of his right to remain silent, 'choosing brutality as a last resort to obtain incriminating statements from petitioner' without aceeding [sic] to petitioner's request for counsel." (Pet. to State Supreme Court, filed August 20, 1965, p. 3.)

This is not as strong an allegation as was reviewed by the Ninth Circuit on the federal appeal in this case. It does not contain the statement that physical force was used on petitioner and that he made incriminating statements out of fear of further physical punishment. The Ninth Circuit concluded that the allegations before it "are not sufficiently explicit." It said that the general allegation in a federal habeas corpus petition must be supported "by the specification of precise facts upon which the general claim is based." Castro v. Klinger, supra, 373 F.2d at 849.

California has the same requirement of alleging facts as the federal courts. In re Swain, 34 Cal.2d 300, 302, 209 P.2d 793. Petitioner did not exhaust his state remedies by filing a petition in which he did not allege the facts. Conway v. Wilson, 368 F.2d 485, 486–487 (9th Cir. 1966), cert. denied 386 U.S. 925, 87 S.Ct. 897, 17 L.Ed.2d 798. Neither did petitioner comply with California procedural requirements in explaining why he did not raise the point at trial or on appeal, or why he waited several years. See In re Sterling, 63 Cal.2d 486, 489, 47 Cal.Rptr. 205, 407 P.2d 5.

The decision of the Ninth Circuit in the preceding appeal does not disturb this conclusion. The petitions filed in the State Supreme Court were not before the Ninth Circuit or, prior to this, before the federal district court. Accordingly, the Ninth Circuit opinion is not interpreted to be a ruling that the petitions were adequate to exhaust state remedies.

While the Ninth Circuit felt it could not assume that the State Supreme Court had denied the petition because of petitioner's failure to go to the superior court, the federal district court had not made a ruling on this basis, and the holding of the Ninth Circuit is not interpreted as barring this court from concluding that the petitions, rejected without opinion, were denied for adequate state procedural grounds in accordance with Brown v. Allen, 344 U.S. 443, 458, 73 S.Ct. 397, 97 L.Ed. 469 (1953). See also Conway v. Wilson, supra.

However, the transcript of the state court trial reflects that the petitioner deliberately bypassed raising the issue of a coerced confession at his trial and thereby waived the claim.

The trial transcript shows the following occurred after petitioner testified to beatings:

"Mr. FINNERTY (The Deputy District Attorney): If your Honor pleases, you have already told us that you need the afternoon for your recess. It is my thought that, I feel very strongly about police brutality. I feel duty-bound, not only for possible impeachment purposes, but to run down and see that these police officers who beat him, if they did beat him, are indicted. I would like to have the thing go over a few days so that I can have each and every police officer who had anything to do with him before he was booked, in here, and explore all of this police brutality and—

THE WITNESS (Petitioner): You don't expect them to admit it.

MR. BERNAY (Petitioner's attorney): Just a minute, just a minute, just a minute, just a minute. I don't want—

THE COURT: That is—

MR. BERNAY: I am just going to make the practical comment. Certainly counsel doesn't expect the officers to admit to it. In the 25 years I have been here, I have never heard a cop admit it, and I know some of them do it.

MR. FINNERTY: If counsel objects to my trying to impeach the credibility of his witness, I don't think the point is well taken.

MR. BERNAY: I will stipulate that the officers will deny that they beat him.

MR. FINNERTY: All right. The People accept the stipulation * * *" (Rep.Tr. p. 148, line 2, to p. 149, line 9.)

■ The action of counsel and the statement of petitioner indicate the defense's awareness of the possible claim and of difficulties in presenting it. The defense attorney's stipulation to the testimony of the officers and his failure to object was a tactical decision to avoid impeachment of petitioner and to give emphasis to petitioner's contention of self defense.

Under these circumstances, we conclude that petitioner waived the claim. No hearing appears to be necessary. There is no factual dispute. Nelson v. People of State of California, 346 F.2d 73, 77–82 (9th Cir. 1965); Henderson v. Heinze, 349 F.2d 67, 69–70 (9th Cir. 1965); Pembrook v. Wilson, 370 F.2d 37, 39 (9th Cir. 1966); See Kuhl v. United States, 370 F.2d 20 (9th Cir. 1966).

Therefore it is ordered that the petition for a writ of habeas corpus be denied.