Robert GARDELLA, A–91217, Petitioner,

v.

H. V. FIELD, Respondent.

No. 68–596.

United States District Court
C. D. California.

July 31, 1968.

Robert Gardella, petitioner, in pro per.

## MEMORANDUM ORDER

REAL, District Judge.

Petitioner, Robert Gardella, filed his Petition For Writ Of Habeas Corpus By A Person In State Custody[1] on April 15, 1968, and thereafter submitted a Motion For Appointment of Legal Counsel dated April 18, 1968.

## BACKGROUND

Petitioner was convicted in the Superior Court of Santa Cruz County upon his plea of guilty to a violation of Cal. Pen.Code § 261.1 (statutory rape). Petitioner was then sentenced by said court to the term prescribed by law on July 15, 1965. By this federal petition for a writ of habeas corpus, petitioner questions the legality of his present incarceration at the California Men's Colony—East Facility, Los Padres, San Luis Obispo County, California.

Petitioner has previously filed two petitions for writ of habeas corpus in the state courts. One was directed to the state superior court of San Luis Obispo County and the other to the state supreme court. In those petitions, petitioner alleged, as he does here, that his "plea of guilty to the crime of 'statutory rape' was entered because of certain promises and threats made to him by his defense counsel prior to trial" with the knowledge and agreement thereto of the prosecutor and trial judge.

Both state petitions were summarily denied. On January 24, 1968, the Superior Court of the State of California in and for the County of San Luis Obispo entered its "Order Denying Petition" upon the ground that "[t]here are no facts alleged from which it can be determined what 'promises' and/or 'threats' were made, nor how or in what manner the District Attorney and/or Trial Court 'tacitly' agreed thereto." Subsequently, on April 4, 1968, the Supreme Court of California entered an order described by petitioner as a "post card denial."[2]

The present petition raises two pertinent issues which must be preliminarily determined by this court:

1. The sufficiency of the petition; and

2. Petitioner's exhaustion of state remedies.

---

1. As required by the rules of this Court, the petition was submitted on a form supplied by the Court. For a comparable form regarding petitions for writ of habeas corpus by persons in state custody, see the form suggested in Habeas Corpus and Post Conviction Review, 33 F.R.D. 363, 393–398 (1963).

2. Though this characterization by petitioner is not precise, it will be used herein whenever reference is made to the order actually entered which stated "[p]etition for writ of habeas corpus denied." In re Gardella, 68 A.C. 473(2) (1968).

## SUFFICIENCY OF THE PETITION

Petitioner sets forth no facts in his present petition which suggest the availability of federal habeas corpus relief. If this were the only deficiency disclosed by the present petition, leave to amend would be granted to petitioner in order to afford him a full opportunity to present his claims. This procedure, however, is unnecessary herein since petitioner has failed to exhaust state remedies.

## EXHAUSTION OF STATE REMEDIES

Exhaustion of state remedies is a condition precedent to consideration of federal petitions for habeas corpus by state prisoners. 28 U.S.C. § 2254.[3] This statutory requisite merely codifies the doctrine of the appropriate exercise of power by federal courts rather than a lack of jurisdiction. Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963). See Ex parte Hawk, 321 U.S. 114, 64 S.Ct. 448, 88 L.Ed. 572 (1944).

In order to exhaust state remedies, a state prisoner does not necessarily have to resort to every available state remedy. The rationale underlying exhaustion of state remedies reflects principles of comity. Fay v. Noia, supra. Once a state prisoner has fully presented his claim to the state courts it is unnecessary for him to exhaust other available state procedures regarding such a claim. Brown v. Allen, 344 U.S. 443, 447–450, 73 S.Ct. 397, 97 L.Ed. 469 (1953). Therefore, the inquiry as to exhaustion of state remedies should focus upon whether or not the state courts have had the initial opportunity to pass upon the claims raised in a federal habeas corpus petition. If the state courts have not been presented with such an opportunity, and a state procedure exists whereby the particular claims may still be raised, federal habeas corpus is inappropriate. E. g. Conway v. Wilson, 368 F.2d 485 (9 Cir. 1966), cert. denied, 386 U.S. 925, 87 S.Ct. 897, 17 L.Ed.2d 798 (1967); Rose v. Dickson, 327 F.2d 27 (9 Cir. 1964).

1. *Present Availability of Direct Appellate Review*

Petitioner has never attempted to obtain appellate review of his conviction. His reasons for this failure are that "he was of the opinion that his guilty plea precluded an appeal" and that "petitioner was also unlearned in matters of law and, in particular, the niceties of perfecting a notice of appeal."[4]

The mere fact that petitioner did not file a timely notice of appeal does not necessarily foreclose petitioner from ever obtaining such review. The appellate procedure of California authorizes relief for an excusable failure to file a timely notice of appeal. Rule 31(a), Cal.Rules of Court.[5] See, e. g., People v.

---

3. 28 U.S.C. § 2254(b) (c) provides:
"(b) An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner.
"(c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented."

4. The manner in which petitioner has stated his professed lack of knowledge indicates that at some time prior to the filing of this petition he became aware of both a possibility of appeal and the means for perfecting such an appeal.

5. Rule 31(a), Cal.Rules of Court provides:
"(a) [Time of filing] In the cases provided by law, an appeal is taken by filing a written notice of appeal with the clerk of the superior court within 10 days after the rendition of the judgment or the making of the order, except that an appeal from an order denying a motion for a new trial in cases where the de-

Davis, 62 Cal.2d 806, 44 Cal.Rptr. 441, 402 P.2d 129 (1965). If the reasons for petitioner's failure to obtain appellate review are unwarranted, it is manifest that petitioner may still seek such review.

▮ Focusing on petitioner's first reason, the statutory law of California authorizes appellate review of a conviction based upon a plea of guilty. Cal. Pen.Code § 1237.5.[6] See Rule 31(d), Cal. Rules of Court.[7] However, since this statute became effective on September 17, 1965, it was inapplicable to petitioner because judgment on his guilty pleas was entered on July 15, 1965. People v. Laudermilk, 67 A.C. 269, 278 fn. 8, 61 Cal.Rptr. 644, 650–651, 431 P.2d 228, 234–235 (1967); People v. Brotherton, 239 Cal.App.2d 195, 197, 48 Cal.Rptr. 513

(1966). Therefore, former rules for such appellate review are controlling. People v. Laudermilk, supra.

▮ Prior to the enactment of Cal. Pen.Code § 1237.5 an appeal from a judgment based upon a guilty plea would not lie unless there was "an irregularity going to the jurisdiction or legality of the proceedings." E. g., Stephens v. Toomey, 51 Cal.2d 864, 870, 338 P.2d 182 (1959). The particular claims of error considered pursuant to this exception were substantially equivalent to fundamental constitutional deficiencies which would nullify a plea of guilty. See People v. Laudermilk, supra at 278–279, 61 Cal. Rptr. at 651, 431 P.2d at 235 (insanity at time of plea); People v. O'Neill, 64 Cal. 2d 666, 671–672, 51 Cal.Rptr. 250, 414

---

fendant is committed before final judgment for sexual psychopathy, insanity, or narcotics addiction may be taken within 10 days after the making of such order or the defendant's commitment, whichever is later. A notice of appeal filed prior to the time prescribed therefor is premature but may, in the discretion of the reviewing court for good cause, be treated as filed immediately after the rendition of the judgment or the making of the order.

Whenever a notice of appeal is received by the clerk of the superior court after the expiration of the period prescribed for filing such notice, the clerk shall mark it 'Received (date) but not filed' and advise the party seeking to file the notice that it was received but not filed because the period for filing notice of appeal had elapsed and that he may petition the reviewing court for relief by verified statement or declaration under penalty of perjury, setting forth the date of the order or judgment from which the party seeks to appeal, the steps which the party took to file his notice of appeal on time, and any other information which has, or which the party believes has, a bearing upon the circumstances which caused the notice of appeal to arrive late."

6. Cal.Pen.Code § 1237.5 provides:
"No appeal shall be taken by defendant from a judgment of conviction upon a plea of guilty or nolo contendere, except where:
(a) The defendant has filed with the trial court a written statement, executed

under oath or penalty of perjury showing reasonable constitutional, jurisdictional, or other grounds going to the legality of the proceedings; and
(b) The trial court has executed and filed a certificate of probable cause for such appeal with the county clerk."

7. Rule 31(d), Cal.Rules of Court provides:
"(d) [Guilty or nolo contendere plea] In cases in which a judgment of conviction was entered upon a plea of guilty or nolo contendere, the defendant shall file his notice of appeal within 10 days after the rendition of judgment, but the appeal shall not be operative unless the defendant files the statement, and the trial court executes and files the certificate of probable cause, required by section 1237.5 of the Penal Code. The defendant shall file such statement within 10 days after the rendition of judgment and when filed within such period it shall serve as a notice of appeal if no other notice of appeal is filed. Where a timely notice of appeal has been filed, the trial court may, for good cause, permit the filing of the defendant's statement beyond the 10-day period but not later than 40 days after the rendition of judgment. Within 60 days after the rendition of judgment the trial court shall execute and file either a certificate of probable cause or an order denying such a certificate and shall forthwith notify the parties of the granting or denial of such certificate. The time for preparing, certifying and filing the record on appeal or for filing an agreed statement shall commence to run when the appeal becomes operative.

P.2d 378 (1966) (ineffective assistance of counsel); People v. Navarro, 243 Cal.App.2d 755, 758, 52 Cal.Rptr. 686 (1966) (ineffective waiver of constitutional rights); People v. Natividad, 222 Cal.App.2d 438, 441, 35 Cal.Rptr. 237 (1963) (ineffective assistance of counsel); People v. Plummer, 222 Cal.App.2d 280, 282, 35 Cal.Rptr. 53 (1963) (plea obtained by misrepresentation or coercion). People v. McDowell, 204 Cal.App.2d 734, 736, 22 Cal.Rptr. 646 (plea obtained by duress); People v. Rose, 171 Cal.App.2d 171, 339 P.2d 954 (plea obtained by misrepresentation). Also see People v. Rosalez, 201 Cal.App.2d 643, 20 Cal.Rptr. 80 (1962).[8] Consequently, the grounds for appeal enumerated by Cal.Pen.Code § 1237.5(a) may be fairly characterized as merely a codification of prior case law. See People v. Ward, 66 Cal.2d 571, 575, 58 Cal.Rptr. 313, 426 P.2d 881 (1967).[9]

■ Clearly, petitioner could have raised on appeal the issue of an involuntary plea of guilty. See, e. g., People v. Plummer, supra; People v. McDowell, supra. Pursuant to this conclusion, petitioner's alleged previous lack of knowledge regarding the procedure for perfecting a notice of appeal becomes immaterial because petitioner has never attempted to obtain relief under Rule 31(a) from his failure to file a timely notice of appeal.

■ Until petitioner invokes Rule 31 (a), it cannot be determined with any degree of certainty that petitioner may not still obtain state appellate review.

Several factors perpetuate this uncertainty. First, there is no fixed time limitation upon seeking relief under Rule 31(a). People v. Garcia, 63 Cal.2d 265, 269, 46 Cal.Rptr. 324, 405 P.2d 148 (1965). Second, the power of state appellate courts under Rule 31(a) is to be liberally exercised to provide the right to appeal whenever reasonably possible. E. g., People v. Garcia, supra at 266, 46 Cal.Rptr. 324, 405 P.2d 148. Consequently, the grant or denial of relief turns upon the facts of each case. Finally, if an application for relief is denied by the appropriate Court of Appeal, relief may still be available because the denial is reviewable by the Supreme Court of California. E. g., In Re Notz, 62 Cal.2d 423, 424, 42 Cal.Rptr. 321, 398 P.2d 593 (1965). Under these circumstances, it is appropriate to summarily dismiss the present petition unless petitioner has in some other manner exhausted available state remedies. E. g., Lembke v. Field, 380 F.2d 383 (9 Cir. 1967).

2. *Substantive Inadequacy of Petitioner's Resort To State Habeas Corpus*

■ Prior to his federal petition for habeas corpus, petitioner's only attacks upon his conviction have taken the form of state petitions for habeas corpus. Under California post-conviction procedure, habeas corpus cannot serve as a substitute for an appeal nor, in the absence of special circumstances, as a second appeal. Compare In Re Shipp, 62 Cal.2d 547, 43 Cal.Rptr. 3, 399 P.2d

8. The summary nature in which most of these issues raised by indigent appellants were disposed of as being without merit rather than frivolous can be traced to the procedure followed in California until 1967. See In re Nash, 61 Cal.2d 491, 39 Cal.Rptr. 205, 393 P.2d 405 (1964). Since that date, California has had to conform to the guidelines of equal protection and due process articulated in Anders v. State of California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

9. The impact of Cal.Pen.Code § 1237.5 relates to the procedure in perfecting an appeal from a plea of guilty rather than

the grounds upon which an appeal may be taken. Two procedural conditions precedent must be met. Subdivision (a) requires that a written statement under oath or under penalty of perjury be filed with the trial court. Subdivision (b) requires an issuance by the trial court of a certificate of probable cause for appeal. Prior to this statute, neither step was necessary. See People v. Laudermilk, supra; 40 Cal.St.Bar J. 472 (1966). Thus, it is manifest that the primary purpose of enacting the statute was to prevent frivolous appeals. See People v. Ward, 66 Cal.2d 571, 575, 58 Cal.Rptr. 313, 426 P.2d 881 (1967).

571 (1965) and In Re Dixon, 41 Cal.2d 756, 264 P.2d 513 (1953) with In Re Jackson, 61 Cal.2d 500, 39 Cal.Rptr. 220, 393 P.2d 420 (1964).[10] Since petitioner failed to appeal his conviction and presents no special circumstances excusing his failure to appeal, it is manifest that petitioner's resort to state habeas corpus was patently inappropriate. In fact, petitioner's failure to seek relief pursuant to Rule 31(a) from his failure to file timely notice of appeal seems sufficient to preclude the availability of state habeas corpus. See In Re Fields, 62 Cal.2d 900, 42 Cal.Rptr. 836, 399 P.2d 372 (1965); In Re Brown, 62 Cal.2d 902, 42 Cal.Rptr. 838, 399 P.2d 374 (1965); Cf. In Re Jackson, supra. Also see, In Re Sandell, 64 Cal.2d 412, 413–414 fn. 1, 50 Cal.Rptr. 462, 412 P.2d 806 (1966). Furthermore, if other state remedies are available, petitioner's resort to state habeas corpus cannot be deemed an exhaustion of state remedies. Cf. Nelson v. Sandritter, 351 F.2d 284 (9 Cir. 1965).

▇ Petitioner has another available state remedy which he has not invoked. From the conclusory statements made by petitioner in his present petition, it is apparent that he is attacking his conviction upon the ground of an involuntary plea. Such a ground may be raised collaterally in California regardless of a failure to appeal, by applying to the trial court to set aside the alleged involuntary plea and the judgment thereon. People v. Wadkins, 63 Cal.2d 110, 45 Cal.Rptr. 173, 403 P.2d 429 (1965).

▇▇ Petitioner has never filed an application for relief with the trial court, the superior court in the county of Santa Cruz. Furthermore, neither of his state petitions for state habeas corpus can be deemed to have been such applications. Under state law, it is well established that the court to which an application for post-conviction relief is addressed may proceed on the merits even though the application is misnamed. Ex Parte Puter, 16 Cal.2d 309, 106 P.2d 3 (1940). Cf. People v. Grgurevich, 153 Cal.App.2d 806, 810, 315 P.2d 391 (1957). See B. Witkin, California Criminal Procedure § 771. Such a procedure, however, is subject to jurisdictional limitations. People v. Dowding, 185 Cal.App.2d 274, 277, 8 Cal.Rptr. 208 (1960); People v. Carroll, 149 Cal.App.2d 638, 641–642, 309 P.2d 128 (1957). See People v. Griggs, 67 A.C. 313, 316 fn. 2, 61 Cal.Rptr. 641, 643, 431 P.2d 225, 227 (1967). Since petitioner's conviction has never been affirmed on appeal, only the trial court has jurisdiction to consider petitioner's utilization of this remedy. Cal.Pen.Code § 1265;[11] People v. Griggs, supra at 315 fn. 1, 61 Cal.Rptr. at 642, 431 P.2d at 226. See People v. Wadkins, supra. Under these circumstances, neither the

---

10. The nature of habeas corpus in California is thus strikingly similar to the remedy for federal prisoners provided by 28 U.S.C. § 2255. It is well established that motions under 28 U.S.C. § 2255 generally may not relitigate issues which were or should have been raised on a direct appeal. E. g., United States v. Marchese, 341 F.2d 782, 789 (9 Cir. 1965), cert. denied, 382 U.S. 817, 86 S. Ct. 41, 15 L.Ed.2d 64. The only readily apparent distinction is the court to which application should be made. The federal application must be made to the trial court, 28 U.S.C. § 2255, while the state habeas corpus petition must be addressed to courts whose territorial jurisdiction encompasses the place of incarceration, Cal.Const., Art. 6 § 10, Cal.Gov't.Code §§ 68808, 69109.

11. Cal.Pen.Code § 1265 provides:
"After the certificate of the judgment has been remitted to the court below, the appellate court has no further jurisdiction of the appeal or of the proceedings thereon, and all orders necessary to carry the judgment into effect must be made by the court to which the certificate is remitted; provided, however, that if a judgment has been affirmed on appeal no motion shall be made or proceeding in the nature of a petition for a writ of error coram nobis shall be brought to procure the vacation of said judgment, except in the court which affirmed the judgment on appeal. When a judgment is affirmed by a court of appeal and a hearing is not granted by the Supreme Court, the application for the writ shall be made to the court of appeal."

superior court of San Luis Obispo County nor the state supreme court could have afforded petitioner any relief for they were without jurisdiction.

It must be noted that the mere denial of an application for relief to the trial court cannot constitute an exhaustion of available state remedies. Full exhaustion of this state remedy requires resort to appellate review because an order denying such an application is an appealable order. People v. Wadkins, supra.[12]

3. *Procedural Deficiencies In Petitioner's State Applications For Habeas Corpus Relief*

Assuming, *arguendo*, that the only possible flaw in petitioner's resort to state habeas corpus was his failure to present properly pleaded petitions to *both* appropriate lower courts before petitioning the state supreme court,[13] the Court nevertheless concludes that petitioner has not exhausted available state remedies because of this failure.

State remedies should not be deemed exhausted until an inquiry by the federal court has satisfied it that available state remedies have been effectively invoked. See Nelson v. Sandritter, supra. If such an inquiry reveals a significant probability that a presently available state remedy has been ineffectively invoked due to state rules of procedure, judicious application of the presumption of regularity as to state judicial administration requires a dismissal of the federal petition because it is premature. Such application of the presumption gives vitality to the principle that the exercise of federal habeas corpus power is inappropriate until the state courts have had a fair opportunity to rectify any errors which may have occurred in the state criminal process.

California post-conviction procedure provides for concurrent original habeas corpus jurisdiction subject only to territorial limitations of the respective courts. Cal.Const., Art. 6, § 10; Cal.Gov't.Code §§ 68808, 69109.[14]

12. In many respects, the remedy available pursuant to Rule 31(a) is virtually indistinguishable from the procedure authorized by People v. Wadkins, especially since the appropriate appellate court is the same in both instances. People v. Rose, 171 Cal.App.2d 171, 339 P.2d 954 (1959). One distinction, not applicable to this petitioner because his conviction preceded Cal.Pen.Code § 1237.5, is that the "Wadkins remedy" does not require the issuance of a certificate of probable cause before an appeal may be perfected. People v. Golden, 245 Cal.App.2d 512, 54 Cal.Rptr. 91 (1966). Additionally, the utility of the "Wadkins remedy" appears to be more favorable where an involuntary plea is alleged. Appellate review is confined to irregularities disclosed by the "record." People v. Laudermilk, 67 A.C. 269, 278, 61 Cal.Rptr. 644, 650–651, 431 P.2d 228, 234, 235 (1967). See People v. Natividad, 222 Cal.App.2d 438, 441, 35 Cal.Rptr. 237 (1963) ; People v. Rose, supra. The "Wadkins remedy," however, contemplates a hearing at the trial level which supplements or clarifies the "record." Such a hearing would generally cover claims of an involuntary plea not disclosed by the record.

13. This assumption is unjustifiably favorable to petitioner. Under state law, the dismissal of a petition for writ of habeas corpus due to inadequate pleading does not preclude the filing of another petition with the same court which alleges with particularity the facts supporting a claim for relief so that there can be an adjudication on the merits. Ex Parte Swain, 34 Cal.2d 300, 303–304, 209 P.2d 793 (1949). Cf. People v. Sharp, 157 Cal.App.2d 205, 209, 320 P.2d 589 (1958). Therefore, petitioner's habeas corpus petition to the superior court of San Luis Obispo County was tantamount to no petition at all since it was dismissed for inadequate pleading.

14. Cal.Const., Art. 6 § 10 provides:
"The Supreme Court, courts of appeal, superior courts, and their judges have original jurisdiction in proceedings for extraordinary relief in the nature of mandamus, certiorari, and prohibition.
Superior courts have original jurisdiction in all causes except those given by statute to other trial courts.
The court may make such comment on the evidence and the testimony and credibility of any witness as in its opinion

Though original jurisdiction is concurrent, the appellate courts have discretion to refuse to exercise jurisdiction where a petition has not been presented to an appropriate lower court. In Re Hillery, 202 Cal.App.2d 293, 20 Cal.Rptr. 759 (1962); B. Witkin, California Criminal Procedure § 795.[15] This discretion of reviewing courts is merely incident to the fact that the writ of habeas corpus is an extraordinary writ under California procedure. Thus, where a petitioner has not previously sought relief in the appropriate lower court, an appellate court's denial of a habeas corpus petition is presumptively the exercise of such discretion. See, B. Witkin, California Criminal Procedure, supra.

It is evident from the recent adoption of Rule 56.5 California Rules of Court, that the discretionary exercise of original jurisdiction in habeas corpus proceedings concerns the appellate courts of California. This rule requires the filing of a petition for writ of habeas corpus on an approved form which contains the following question:

"20.  If this petition might lawfully have been made to a lower court, state the circumstances justifying an application to this court." [16]

Both of petitioner's state habeas corpus petitions were filed by using this approved form. As previously noted, the Supreme Court of California denied petitioner's petition by "post card denial" on April 4, 1968, subsequent to the dismissal of his petition to the superior court of San Luis Obispo County. Under the post-conviction procedure of California, it appears likely that such resort to state habeas corpus was procedurally inadequate since the appropriate intermediate appellate court had not been petitioned. This likelihood is supported by the fact that the disposition of the petition by the Supreme Court of California took the form of a "post card denial" [17] rather than (1) a reference to a lower court, (2) an opinion after reference to a fact finder, or merely an opinion on the merits after the issuance of an order to show cause.[18]

is necessary for the proper determination of the cause."

Cal.Gov't.Code § 68808 provides:

"Each of the justices of the Supreme Court shall have power to issue writs of habeas corpus to any part of the state, upon petition by or on behalf of any person held in actual custody, and may make such writs returnable before himself or the Supreme Court or before any court of appeal, or before any justice thereof, or before any superior court in the state, or before any judge thereof."

Cal.Gov't.Code § 69109 provides:

"Each of the justices of the courts of appeal shall have power to issue writs of habeas corpus to any part of his appellate district upon petition by or on behalf of any person held in actual custody, and may make such writs returnable before himself or the court of appeal of his district, or before any superior court within his district, or before any judge thereof."

15.  Since a stricter rule couched in terms other than "discretion" once prevailed, it has been indicated that the standard which exists may require a showing of cause why an application has not previously been made to the appropriate lower court. See 24 Cal.Jur.2d, Habeas Corpus § 76.

16.  Significantly, the substance of this question is not part of the form application suggested for use by the federal courts, Habeas Corpus And Post Conviction Review, 33 F.R.D. 363, 393–398 (1963), nor is it a part of the form application adopted by this Court, Local Rule 19.

17.  It is significant that the mode of disposition as to petitioner, see note 2 supra, is merely one of numerous such orders entered weekly by the Supreme Court of California. This is illustrated by referring to the section entitled "Minutes" at the rear of any weekly publication of the Official Advance Sheets Of The Supreme Court.

18.  (1) Cal.Gov't.Code §§ 68808, 69109; In Re Grady, 61 Cal.2d 887, 39 Cal. Rptr. 912, 394 P.2d 728 (1964); In Re

Recognizing the admonition of Castro v. Klinger, 373 F.2d 847 (9 Cir. 1967),[19] application of the presumption of regularity is most appropriate in the present case. A "post card denial" easily could have issued merely for petitioner's failure to apply to both of the appropriate lower courts. Petitioner's answer to question 20 in his petition to the Supreme Court of California stated:

"Plaintiff submits that there is no need for him to present this petition to the District Court of Appeals because the primary function of said court is to handle appeal cases, and in any case the final decision in petitioner's case rests with this court."

Obviously, such a response fails to set forth any unique reason which would be likely to induce the discretionary exercise of original jurisdiction by the state's highest court. A contrary conclusion would nullify the efficacy of Rule 56.5 and the inclusion of question 20 on the form required by that rule.[20]

## CONCLUSION

It is manifest that petitioner has not provided the state courts with a fair opportunity, either upon appeal or collateral attack, to consider his claims and render a determination on the merits. Furthermore, there is no reason to conclude that petitioner has no state remedy presently available which would lead to such a determination if properly invoked. Under these circumstances, there has been on exhaustion of state remedies within the meaning of 28 U.S.C. § 2254. Fay v. Noia, supra; Conway v. Wilson, supra; Rose v. Dickson, supra. Therefore, summary dismissal of the present petition is justified since petitioner has neither pursued relief under Rule 31(a), e. g., Lembke v. Field, supra, nor applied to the trial court

---

Grossi, 248 Cal.App.2d 315, 316 fn. 1, 56 Cal.Rptr. 375 (1967).

(2) E. g., In Re Poe, 65 Cal.2d 25, 51 Cal.Rptr. 896, 415 P.2d 784 (1966); In Re Seiterle, 61 Cal.2d 651, 39 Cal. Rptr. 716, 394 P.2d 556 (1964).

(3) E. g., In Re Streeter, 66 Cal.2d 47, 56 Cal.Rptr. 824, 423 P.2d 976 (1967); In Re Nunez, 62 Cal.2d 234, 42 Cal.Rptr. 6, 397 P.2d 998 (1965).

Also see note 17 supra.

19. In that case, the petitioner had bypassed both appropriate lower courts before petitioning the Supreme Court of California. It was contended that California's highest court may have predicated its action upon this fact since no reason was given for its order of denial. Pointing to an aspect of California law other than those aspects discussed herein and noting the absence of anything in the record to support such a contention, the Court of Appeals for this circuit held it would be improper to conclude state remedies had not been exhausted on the basis of mere speculation.

The effect of bypassing California lower courts is an area which needs clarification in this circuit despite Castro v. Klinger, supra. Compare Barquera v. People of State of California, 374 F.2d 177, 180 (9 Cir. 1967) (exhaustion as to issue never presented to state's lower courts) with Morehead v. State of California, 339 F.2d 170 (9 Cir. 1964) (no exhaustion because all three levels of

state courts not invoked). The situation becomes acute if an initial petition is modified or supplemented with additional grounds as a petitioner proceeds through the various courts. See Castro v. Klinger, 274 F.Supp. 870 (C.D.Cal. 1967).

20. Although unnecessary to this conclusion, it may be that the Supreme Court of California denied petitioner's habeas corpus petition for failure to apply to *either* of the appropriate lower courts. It has been recognized that petitioner could be deemed to have filed no habeas corpus petitions before his petition to the Supreme Court of California. See note 13 supra. Rule 60, Cal.Rules Of Court provides in pertinent part:

"When a petition for a writ of habeas corpus is filed in a reviewing court * * * and the court, before passing on the petition, desires to obtain information concerning any matter of record pertaining to the case of such person, it may order the custodian of the record to produce the same or a certified copy thereof to be filed with the clerk of the reviewing court."

If the Supreme Court of California utilized Rule 60 to obtain a record of petitioner's previous attempt at collateral relief, there is another reason for applying the presumption of regularity to conclude that the discretionary exercise of original jurisdiction was not deemed necessary by the state's highest court.

to set aside his guilty plea and the judgment thereon, cf. Holley v. Cheuvront, 351 F.2d 615 (9 Cir. 1965), Morehead v. State of California, 339 F.2d 170 (9 Cir. 1964), and his state petitions for writ of habeas corpus were a nullity, e. g., Nelson v. Sandritter, supra.

It is ordered that the petition is denied;

It is further ordered that the motion for appointment of counsel is denied.