**Adolph Orozco SEVILLA, Petitioner,**

v.

**Peter J. PITCHESS, Sheriff, Respondent.**

**Civ. No. 70–2286.**

United States District Court, C. D. California.

Sept. 3, 1971.

Adolph Orozco Sevilla, in pro. per.

Evelle J. Younger, Atty. Gen., William E. James, Asst. Atty. Gen., Rodney Lilyquist, Jr., Deputy Atty. Gen., for respondent.

## ORDER DENYING PETITION FOR HABEAS CORPUS

HAUK, District Judge.

In June of 1966, petitioner was committed for narcotics addiction under California Welfare and Institutions Code, Section 3100.6, after trial by jury and verdict of guilty in Los Angeles Superior Court. Thereafter he filed a Petition for Writ of Habeas Corpus in the Superior Court, which was denied April 17, 1970. Petitioner's appeal of the denial of this writ to the Court of Appeal of California was dismissed July 10, 1970, whereupon he petitioned the California Court of Appeal for a Writ of Prohibition, denied July 30, 1970. On August 26, 1970, his petition for hearing by the California Supreme Court was denied. He then filed the instant petition on December 16, 1970.

Petitioner seeks habeas corpus on the following grounds:

(1) California Welfare and Institutions Code Section 3100.6 authorizes unlawful searches.

(2) The commitment proceedings were instituted upon an unlawful search of petitioner.

(3) Petitioner's commitment resulted from an unlawful entrapment by a Police Officer.

(4) Petitioner was not advised of his constitutional rights prior to giving a urine sample.

(5) Petitioner received a greater sentence as a result of seeking a trial by jury.

After reviewing the Petition, the Response, the Supplemental Petition, and the points and authorities and exhibits submitted by both parties to this cause, this Court is fully advised in the premises and thus orders that the Petition for Writ of Habeas Corpus be denied for the following reasons.

█ Petitioner has not exhausted his State remedies, a condition precedent to consideration of Federal petitions for habeas corpus. Fay v. Noia, 372 U.S. 391, 415–422, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963); Lindsey v. Craven, 427 F. 2d 153 (9th Cir. 1970); Davidson v. Klinger, 411 F.2d 746 (9th Cir. 1969).

The California Supreme Court has set forth the procedure for commitment of narcotics addicts under Welfare and Institutions Code, Sections 3100 et seq., in a number of cases which have held that appellate review is available to an individual who has been committed for narcotics addiction. People v. Murphy, 70 Cal.2d 109, 74 Cal.Rptr. 65, 448 P.2d 945 (1969); People v. Bruce, 64 Cal.2d 55, 48 Cal.Rptr. 719, 409 P.2d 943 (1966); People v. Victor, 62 Cal.2d 280, 42 Cal. Rptr. 199, 398 P.2d 391 (1965); In re De La O, 59 Cal.2d 128, 28 Cal.Rptr. 489, 378 P.2d 793 (1963). However, petitioner has failed to seek appellate review of his commitment, asserting that he was "unaware of the pertinent facts to my case."

█ The fact that petitioner did not file a timely notice of appeal does not foreclose petitioner from ever obtaining such review. Rule 31(a) California Rules of Court authorizes relief for an excusable failure to file a timely notice of appeal. Until petitioner invokes Rule 31(a) it cannot be determined by this Federal Court whether petitioner may still obtain State appellate review. In such cases, we must dismiss unless petitioner has in some other manner exhausted available State remedies. Lembke v. Field, 380 F.2d 383 (9th Cir. 1967); Gardella v. Field, 291 F.Supp. 107 (C.D.Cal.1968).

Under California post-conviction procedure, habeas corpus cannot serve as a substitute for appeal. In re Shipp, 62 Cal.2d 547, 43 Cal.Rptr. 3, 399 P.2d 571 (1965); In re Jackson, 61 Cal.2d 500, 39 Cal.Rptr. 220, 393 P.2d 420 (1964). Since petitioner failed to appeal his commitment, petitioner's resort to State habeas corpus was patently inappropriate and will not constitute an exhaustion of his State remedies. In California a writ of prohibition will be issued only if there is no other "plain, speedy, and adequate remedy" Cal.Code of Civil Procedure § 1103 (West 1954). Since appeal is the normal means for reviewing a lower court's acts, and since petitioner may still appeal under Rule 31(a), the Petition for Writ of Prohibition filed by petitioner in the Court of Appeal did not constitute the exhaustion of his State remedies.

█ Petitioner has also acknowledged the fact that some of the grounds upon which he now petitions the Court have not been presented to any of the State courts. (Petition p. 6; Supp. Petition p. 6). Thus, even if petitioner had properly appealed through the State courts, the law requires that he present every ground upon which he seeks relief from a Federal court to each of the State courts involved before seeking the Federal Writ of Habeas Corpus. Morehead v. State of California, 339 F.2d 170 (9th Cir. 1964); Rose v. Dickson, 327 F.2d 27 (9th Cir. 1964).

Therefore, it is hereby ordered that the Petition for Writ of Habeas Corpus be, and the same is, denied.