39 Cal.Rptr. 912, 394 P.2d 728]

[Crim. No. 7816.   In Bank.   Aug. 24, 1964.]

In re ARTHUR CHARLES GRADY on Habeas Corpus.

Arthur Charles Grady, in pro. per., and Rufus W. Johnson, under appointment by the Supreme Court, for Petitioner.

Mitchel J. Ezer, A. L. Wirin and Fred Okrand as Amici Curiae on behalf of Petitioner.

Stanley Mosk, Attorney General, William E. James, Assistant Attorney General, and Jack K. Weber, Deputy Attorney General, for Respondent.

TOBRINER, J.—Petitioner, now confined in the California Men's Colony at Los Padres after conviction for unlawful possession of narcotics in violation of Health and Safety Code section 11500, presents in this in propria persona petition for habeas corpus, the same constitutional question which we resolved in *People* v. *Woody* (1964) *ante,* p. 716 [40 Cal.Rptr. 69, 294 P.2d 813].

On May 18, 1962, Palm Springs police officers, acting upon information received from an informant that peyote was being used at the home of one Gerald Kelly, "staked out" the Kelly residence.   Between May 18th and 24th the officers noticed a number of cars and substantial activity around the house, which was located in an isolated area.   On three occasions the officers observed someone go to a spot 70 feet from the house and dig in the sand.   At this spot the officers later found a sack containing a substantial quantity of peyote buttons.   Continuing the stakeout, the police saw several persons, including petitioner, enter and leave the house.

After procuring a search warrant on May 24th, the police approached the house, showed the warrant to Kelly, and searched the premises, finding, *inter alia,* a number of gelatin capsules containing peyote.

The officers arrested petitioner, Kelly and his wife, Andrew Fremont, Samuel Komia, and John McGraw. They also found

a 16-year-old girl sleeping in one of the bedrooms. They turned the girl over to the juvenile authorities. All those arrested admitted using peyote. Petitioner pleaded guilty to illegal possession of narcotics; the others pleaded not guilty. All were convicted.

Petitioner, a self-styled ''peyote preacher'' and ''way shower,'' acted as the spiritual leader of a group of individuals consisting of the codefendants and himself. This group lived together in the Kellys' home. Although petitioner did not share in the living expenses of the group, he selected their food, taught them deepbreathing exercises, how to pray, ''and in general how to love the Christian Life.'' Petitioner provided and prepared the peyote for the group.

Petitioner contends that his use of peyote was for religious purposes. He states that peyote ''is a very spiritual plant because it gives you direct contact with God, or in other words, proceeds on all four planes of consciousness simultaneously, and when used for prayer the best thing that can happen to you.'' We held in *People* v. *Woody* that the state may not prohibit the use of peyote in connection with bona fide practice of a religious belief. In light of petitioner's assertion of religious use our decision in *Woody* requires us in the instant case to grant the writ of habeas corpus.

Unlike the situation in *Woody*, however, the defendant here has not proved that his asserted belief was an honest and bona fide one. A factual question remains as to whether defendant actually engaged in good faith in the practice of a religion. As we said in *Woody*, ''the trier of fact need inquire only into the question of whether the defendant's belief in Peyotism is honest and in good faith . . . or whether he seeks to wear the mantle of religious immunity merely as a cloak for illegal activities.'' (*Ante,* at p. 726.)

The writ is granted. Petitioner is remanded to the custody of the Superior Court of Riverside County for trial upon this question.

Gibson, C. J., Traynor, J., Schauer, J., Peters, J., and Peek, J., concurred.

McComb, J., concurred in the order.