[Crim. No. 5237. Third Dist. May 28, 1969.]

THE PEOPLE, Plaintiff and Respondent, v. DONALD OGDEN COLLINS, Defendant and Appellant.

Changaris, Trezza, Ithurburn & Keeley and Terence J. Keeley for Defendant and Appellant.

Thomas C. Lynch, Attorney General, Edsel W. Haws and Anthony M. Skrocki, Deputy Attorneys General, for Plaintiff and Respondent.

FRIEDMAN, Acting P. J.—At a nonjury trial defendant was convicted of marijuana possession. Sole issue on appeal is his claim of unconstitutionality. He relies on *People* v. *Woody*, 61 Cal.2d 716 [40 Cal.Rptr. 69, 394 P.2d 813], and *In re Grady*, 61 Cal.2d 887 [39 Cal.Rptr. 912, 394 P.2d 728], which held that sacramental use of peyote by Navajo Indians could not be constitutionally proscribed.

At the trial it was stipulated that defendant "subjectively, holds a belief in marijuana, with respect to its being used for religious purposes, honestly and in good faith" but that the prosecution did not waive the claim "that objectively the use of marijuana was not incident to the practice of a 'religion.'" The parties stipulated to the admission in evidence of the statements of Joel Fort, Alan Watts, and Walter Houston Clark in the January 1968 issue of the California Law Review.[1] These articles express the general theme that marijuana is a psychedelic drug which has the capacity to induce or heighten mystical experience. A subordinate theme of Dr. Clark is the linguistic subsumption of "mystical" experience as a fixed variety of religious experience.[2]

Defendant testified that he used marijuana in order to extend and intensify his ability to engage in meditative communication with the Supreme Being, to attain spiritual peace through union with God the Father and to search out the ultimate meaning of life and nature.

The peyote cases involved a religious faith in peyote as an object of worship, a religious faith denominated Peyotism. (*People* v. *Woody, supra,* 61 Cal.2d at pp. 721-722.) The court noted the virtual impossibility of prohibiting the use of peyote without inhibiting the practice of the faith itself. (*Id.* p. 722.)

According to the present record, defendant does not worship or sanctify marijuana, but employs its hallucinogenic biochemical properties as an auxiliary to a desired capacity for communication. Whether this use is sacramental or philosophical is as much a verbal as legal question. (See, e.g.,

---

[1]Fort, *Social Problems of Drug Use and Drug Policies,* 56 Cal.L.Rev. 17; Watts, *Psychedelics and Religious Experience,* 56 Cal.L.Rev. 74; Clark, *Religious Aspects of Psychedelic Drugs,* 56 Cal.L.Rev. 86.

[2]See Clark, *op. cit. supra,* 56 Cal.L.Rev. at pp. 86-88.

*United States* v. *Seeger,* 380 U.S. 163 [13 L.Ed.2d 733, 85 S.Ct. 850].) The point here is that the law does not bar him from practices indispensable to the pursuit of his faith. Rather, it compels him to abandon reliance upon an artificial aid and to utilize other, perhaps self-induced means, to attain the desired intensification of apperception. While without power to interfere with religious belief itself, the state has a limited authority to prohibit religiously motivated conduct which collides with a compelling state interest. (Cal. Const., art. I, § 4; *Sherbert* v. *Verner,* 374 U.S. 398, 402-403 [10 L.Ed.2d 965, 969-970, 83 S.Ct. 1790]; *Leary* v. *United States,* 383 F.2d 851, 859; *People* v. *Woody, supra,* 61 Cal.2d at p. 718; see also *Perez* v. *Sharp,* 32 Cal.2d 711, 713 [198 P.2d 17]; *Hollon* v. *Pierce,* 257 Cal.App.2d 468, 477 [64 Cal. Rptr. 808]; cf. *People* v. *Mitchell,* 244 Cal.App.2d 176, 181-182 [52 Cal.Rptr. 884].) California's general, nondiscriminatory prohibitions against marijuana express a compelling state interest as discerned by the Legislature and do not in this case violate the ban on interference with religion.

Judgment affirmed.

Regan, J., and Janes, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied July 23, 1969.