[No. 10,124.]

## THE PEOPLE v. CHARLES H. BEAUCHAMP.

TRIAL FOR A FELONY.---In a case where the defendant is indicted for a felony, and has been admitted to bail, the Court should, at the commencement of the trial, order him into actual custody.

RECEIVING VERDICT IN CASE OF FELONY.---In a case of felony, the prisoner must be personally present in Court when the verdict is rendered. If the verdict is received in his absence, it is not valid.

APPEAL from the County Court, Stanislaus County.

The defendant was indicted for stealing mules and horses, and appealed.

The other facts are stated in the opinion.

*Caldwell & Saunders* and *Wm. M. Lovell,* for the Appellant.

*Attorney-General Love,* for the People.

By the COURT:

The judgment and order denying the prisoner a new trial were reversed at the argument, and a new trial was ordered.

It appeared that the verdict by which the prisoner was

found guilty of the felony charged in the indictment had been received by the Court below, and recorded in its minutes, and the jury discharged, while the prisoner was not personally present in Court. The statute (Penal Code, Sec. 1148,) distinctly provides that, in order to the validity of such a verdict, the prisoner must be personally present in Court when it is returned. In this case the prisoner seems to have absconded after the cause was given to the jury, and before their return into Court. The growing frequency of occurrences of this character, thwarting the administration of criminal justice, would suggest the propriety in all trials for felony of promptly ordering the prisoner, regardless of his previous admission to bail, into actual custody, at the commencement of the trial, or immediately upon the retirement of the jury to consider their verdict.