[No. 10,686.—Department Two.]

# THE PEOPLE *v.* WILLIAM WILLIAMS.

LARCENY—REFUSAL OF BAIL—CONSTITUTIONAL LAW.—During the progress of the trial, and before the jury retired from the court-room, the Court ordered the defendant, who had been regularly admitted to bail, into the custody of the Sheriff.

*Held:* It was within the power of the Court, under Section 1129 of the Penal Code, to order the defendant into custody as soon as the trial commenced.   The section referred to is not unconstitutional.

ID.—INSTRUCTIONS.—The Court, in stating the circumstances which might be considered evidence of guilt, enumerated, by way of illustration, certain circumstances which did not appear in the evidence in the case.

*Held:* There was no error.

ID.—SUFFICIENCY OF EVIDENCE—APPEAL.—It is a cardinal principle in the administration of criminal law that the province of weighing the evidence belongs exclusively to the jury, and if this Court can find, from an inspection of the record, that there was, in the whole evidence of the case, enough to justify the conclusion arrived at by the jury, the judgment of the Court below will not be disturbed.

APPEAL from a judgment of conviction and from an order denying a new trial in the Superior Court of Sacramento County.   CLARK, J.

The Court, of its own motion, instructed the jury, among other things, as follows:

" The number of the links in a chain" (of circumstantial evidence) " are not material, provided they are sufficient to satisfy your minds of the guilt of the person charged.   I will mention some of the circumstances which are usual.

" 1. The presence of the defendant in the neighborhood and near by where the offense is alleged to have been committed, which shows that it was in his power at the time named to have committed it; that is one circumstance.   Subsequently finding him in the possession of the stolen property, is another circumstance.   But neither of these alone, nor perhaps these two together, would be sufficient, *if there was nothing more,* but they are circumstances proper for the jury to consider.   *If you should add to these circumstances another, that he gave a false account of how he came into the possession of the property,* that would be a third link in the chain.   *If he gave contradictory statements, one time saying*

*that he obtained the property one way and at another time
stating that he obtained it another,* those would be other cir-
cumstances, or if he made a false claim to the ownership of
the property and when confronted with the allegations and
statements that the property had been stolen and that he
was not the owner of it, he fails to reassert his claim, but
abandoned all pretense of ownership, that would be another
circumstance; and if there are circumstances enough proven,"
etc.

The italics indicate the portions of the charge objected to.

*J. H. Budd,* for Appellant.

The Court erred in depriving the defendant of his consti-
tutional and statutory right of freedom on bail, before the
verdict of the jury was rendered. (Const., Art. ii, § 6; Pen.
C., § 1271.) The Court, by an illegal order, deprived the de-
fendant of a constitutional and statutory right, pending the
trial, and this was error, and it need not be excepted to, in
order that defendant might avail himself of it on this ap-
peal. (*People* v. *Ah Fong,* 12 Cal. 345; *People* v. *Chares,* 26
id. 78; *People* v. *Trim,* 37 id. 274; *People* v. *Harrington,* 42
id. 165.)

This defendant could not fail to have been prejudiced by
the action of the Court below in ordering him into the cus-
tody of the Sheriff, after the evidence was all in and before
argument to the jury. That action of the Court announced
to the jury, more emphatically than language could have
done, that in the opinion of the Court the evidence so clearly
showed the guilt of the defendant, that it would not be safe
to allow him his freedom on bail.

The instruction of the Court presenting hypothetically
facts which there was no evidence tending to establish, was
erroneous. (*People* v. *Bird.*)

The only evidence to connect the defendant with the lar-
ceny charged, was recent possession and claim of ownership.
This was insufficient to justify the verdict. (*People* v. *Swin-
ford,* 57 Cal. 86; *People* v. *Noregea,* 48 Cal. 123; *People* v. *Ah
Ki,* 20 id. 178; *People* v. *Chambers,* 18 id. 382.)

*A. L. Hart,* Attorney General, for Respondent.

MORRISON, C. J.:

The defendant was convicted of the crime of larceny, and a new trial having been denied him, appeals from the judgment as well as from the order denying his motion for a new trial.

During the progress of the trial, and before the jury retired from the court-room, the Court ordered the defendant into the custody of the Sheriff. The defendant had been regularly admitted to bail, and it is claimed that it was error to make the order complained of.

We can not see how the substantial rights of the defendant were prejudiced by the order, even conceding it to have been erroneous. We are of the opinion, however, that it was within the power of the Court to order the defendant into custody *as soon as the trial commenced.* Section 1129 of the Penal Code provides as follows: "When a defendant who has given bail appears for trial, the Court may, in its discretion, at any time after his appearance for trial, order him to be committed to the custody of the proper officer of the county, to abide the judgment or further order of the Court, and he must be committed and held in custody accordingly."

The defendant's counsel contends that the above section of the Code is unconstitutional, inasmuch as it violates the right of bail secured by the Constitution. We do not think, however, that the position is well taken; and in this view we are sustained by the decision of the Court in the case of *The People* v. *Beauchamp,* 49 Cal. 41. It is there said: "In this case the prisoner seems to have absconded after the cause was given to the jury and before their return into Court. The growing frequency of occurrences of this character, thwarting the administration of criminal justice, would suggest the propriety in all trials for felony, of promptly ordering the prisoner, regardless of his previous admission to bail, into actual custody, at the commencement of the trial, or immediately upon the retirement of the jury, to consider their verdict." We fully agree with the former Court in its view of the propriety of ordering a defendant who is being prosecuted for felony, and who is at large on bail, into the custody of the proper officer at the commencement of the trial. This

would prevent an escape and would subserve the ends of justice.

The next point is that the charge of the Court to the jury was not warranted by the evidence. The Court, in stating the circumstances which might be considered evidence of guilt, enumerated certain circumstances which did not appear in the evidence in the case; but this was simply by way of illustration, and could not have had any prejudicial effect upon the minds of the jurors. The instructions are very clear and full, presenting the law applicable to the case in a very satisfactory manner, and we find no objection to them, or any of them, sufficient to justify a reversal of the judgment. (Reported *supra.*)

The third point is, that the evidence was insufficient to sustain the verdict. It is a cardinal principle in the administration of criminal law, that the province of weighing the evidence belongs exclusively to the jury, and if this Court can find from an inspection of the record that there was, in the whole evidence of the case, enough to justify the conclusion arrived at by the jury, the judgment of the Court below will not be disturbed. The *corpus delicti*, the fact that the cattle had been stolen, was clearly proved, and the only question upon which there could have been a reasonable doubt, was as to the identity of the defendant. Two men were seen driving the cattle in a southern direction, in the night-time. One of the witnesses for the prosecution testified that he saw them driving the cattle, and had a conversation with one of them; and he afterwards saw the defendant in the County Jail and had a conversation with him there. It is true that this witness does not swear *positively* that the defendant is one of the two men whom he saw driving the cattle at the time above mentioned; but he does swear in such a manner as to leave but little, if any doubt, that he believed the defendant to be the same man whom he saw with the cattle and with whom he conversed on the occasion referred to. The witness testified very cautiously, and was evidently unwilling to commit himself; but when his testimony is taken in connection with other facts in the case, the whole evidence amounts to sufficient proof to justify and support the verdict of conviction.

It was proved that the cattle had been stolen from the owner, one Biggs, in the county of Sacramento, early in the month of October, 1878, and that a portion of them were found shortly afterwards near Ione City, in Amador county, and the remainder were found about seven miles west of Modesto, in Stanislaus county. One Cecil testified that he found a portion of them, and that he drove them into a field belonging to one Blyther, and that, about one hour afterwards, defendant came there and claimed the cattle, saying that "they are my cattle." Defendant then attempted to drive the cattle away, but was told that he must come the next morning at ten o'clock, and satisfy witness that they were his. This was about nine o'clock at night. The defendant also made a statement respecting the place where he had lost the cattle, which was apparently false. Defendant did not return the next morning, or at any other time, and claim the cattle.

We have reviewed a portion of the evidence only, there being other circumstances in the case tending to establish the defendant's guilt. The case seems to have been fairly and ably tried in the Court below, and the learned Judge who tried the case, being satisfied with the conclusion arrived at by the jury, denied defendant's motion for a new trial. We see no good reason to set aside the proceedings of the Court below, and the judgment and order are therefore affirmed.

THORNTON and SHARPSTEIN, JJ., concurred.