[Crim. No. 3322.   Second Appellate District, Division Two.—May 28, 1940.]

THE PEOPLE, Respondent v. STELLA DYSART, Appellant.

George Acret and George Stahlman for Appellant.

Earl Warren, Attorney-General, Warner I. Praul, Deputy Attorney-General, Buron Fitts, District Attorney, and Jere J. Sullivan, Deputy District Attorney, for Respondent.

McCOMB, J.—Defendant was charged in an indictment filed in Los Angeles County with (a) one count of conspiracy to violate the Corporate Securities Act and grand theft, (b) forty-one additional counts alleging violation of the Corporate Securities Act, and (c) eighteen more counts charging grand theft. After her demurrers were overruled she entered a plea of not guilty as to each count. Pending the trial defendant was released from custody on bail in the sum of $5,000. In due time the trial was commenced before a jury, and after nineteen days of trial defendant's bond was exonerated and she was remanded to the custody of the sheriff. The following day she asked for permission to withdraw her plea of not guilty as to counts IV, XIV, and XVI. This request was granted. Defendant was rearraigned upon the three counts just mentioned and entered a plea of guilty as to each. A mistrial was then declared as to the balance of the counts in the indictment. Subsequently defendant made a motion for an order vacating her plea of guilty to the three counts charged in the indictment, and also for permission to enter a plea of not guilty to said counts, on the ground that said pleas were made involuntarily and under duress. She also made a motion in arrest of judgment on the ground that the indictment in the counts as to which she

had plead guilty did not state a public offense. Both of the motions just mentioned were denied. Thereafter judgment and sentence were pronounced against defendant on each of the counts as to which she had plead guilty. From these judgments she now appeals. There are also *purported* appeals from the orders denying her motions in arrest of judgment.

Defendant relies for reversal of the judgments on these propositions:

*First: The trial court committed prejudicial error in exonerating her bail bond during the course of the trial and remanding her to the custody of the sheriff.*

*Second: Defendant's pleas of guilty to counts IV, XIV, and XVI of the indictment were entered under duress.*

*Third: A public offense is not alleged in count IV, XIV, or XVI of the indictment.*

■ Defendant's first proposition is untenable. The law is established in California that it is within the power of the trial court to order the defendant into custody as soon as the trial has commenced and that such order does not violate defendant's right to bail as secured by article I, section 6 of the Constitution of the State of California. (*People* v. *Williams,* 59 Cal. 674, 676; *People* v. *Nickell,* 22 Cal. App. (2d) 117, 123 [70 Pac. (2d) 659]; sec. 1129, Pen. Code.)

This rule is clearly stated by our Supreme Court in *People* v. *Williams, supra,* at page 676 thus:

"We are of the opinion, however, that it was within the power of the Court to order the defendant into custody *as soon as the trial commenced.* Section 1129 of the Penal Code provides as follows: 'When a defendant who has given bail appears for trial, the Court may, in its discretion, at any time after his appearance for trial, order him to be committed to the custody of the proper officer of the county, to abide the judgment or further order of the Court, and he must be committed and held in custody accordingly.'

"The defendant's counsel contends that the above section of the Code is unconstitutional, inasmuch as it violates the right of bail secured by the Constitution. We do not think, however, that the position is well taken; and in this view we are sustained by the decision of the Court in the case of *The People* v. *Beauchamp,* 49 Cal. 41."

From the foregoing it is evident that defendant's suggestion that the trial court should have declared a mistrial on her motion after remanding her to custody is wholly devoid of potency.

Defendant's second proposition is likewise without merit. At the time defendant made her motion for an order vacating her plea of guilty and for permission to enter a plea of not guilty the following colloquy took place:

"The Court: Did I coerce you?

"Defendant Dysart: No, your Honor, you did not.

"The Court: Did I offer any inducement of any kind whatever?

"Defendant Dysart: No, your Honor, you did not.

"The Court: Did anyone represent to you that I had made any statement to you?

"Defendant Dysart: Your Honor, my attorney represented to me that he was a very good friend of your Honor and there were very good reasons why I should plead guilty and accept clemency and that he was a very good friend of Mr. Johnstone."

From the foregoing it is clear that defendant did not enter her pleas of guilty because of any coercion, neither is there any merit in the contention that defendant entered her pleas of guilty upon the advice of her counsel. (See *People* v. *Manriquez*, 188 Cal. 602, 605 [206 Pac. 63, 20 A. L. R. 1441].)

Defendant's final proposition is likewise without merit. Count IV of the indictment, omitting nonessentials, read as follows:

"On or about the 18th day of May, 1937, at and in the County of Los Angeles, State of California, the said defendants, STELLA DYSART, . . . did willfully, unlawfully, feloniously and knowingly, issue, execute and sell for value a security of their own issue to one Inez C. Bowers, as defined in said Corporate Securities Act, to-wit: a certain certificate of interest in an oil and gas mining title and lease in Section Nine (9) Township Fourteen (14) North, Range Nine (9) West, New Mexico Principal Meridian, McKinley County, New Mexico, without first having applied for and secured from the Commissioner of Corporations of the State of California, a permit authorizing them so to do."

Count XIV, which is substantially the same as count XVI read thus:

"On or about the 16th day of March, 1938, in the County of Los Angeles, State of California, the said defendants, STELLA DYSART . . . , did willfully, unlawfully, feloniously and knowingly sell and issue and cause to be sold and issued for value to John J. McFarlane, a certificate of interest and participation, investment contract, certificate of interest in title to property, profits and earnings, to-wit: a one-tenth of one percent interest in a business to be conducted for profit, an oil and gas development and prospecting business known as Mutual Land Owners, Ltd., without having first applied for and secured from the Commissioner of Corporations of the State of California a permit authorizing them so to do."

In *People* v. *Rubens,* 11 Cal. App. (2d) 576 [54 Pac. (2d) 98, 1107], a count in an indictment similarly worded was held to state facts sufficient to constitute a public offense, the court saying at page 579:

"We are of the opinion each count of the indictment states facts sufficient to constitute the offense with which it purports to charge the defendants. . . . The indictment, as amended, alleges in each count that the defendants, on a specified date 'did wilfully, unlawfully and knowingly authorize, direct and aid in the issue and sale of, and did issue, execute and sell, and cause, and assist in causing to be issued, executed and sold for value to' individuals who are named therein, 'a security of their own issue, and defined in said Corporate Securities Act, to-wit: A certain certificate of interest in an oil and gas lease' on specifically described real property in Sacramento County, 'without first having applied for and secured from the Commissioner of Corporations of the State of California a permit authorizing them so to do'. This is a sufficient allegation of facts constituting the public offense prohibited by the provisions of section 18 of that act. (Stats. 1917, p. 673; 2 Deering's Gen. Laws [1931], p. 1924, Act 3814, and amendments thereto.) There is no merit in the contention that the indictment fails to state facts sufficient to constitute the public offenses against the defendants which are sought to be charged therein."

Other objections which defendant raised by special demurrer to the indictment will not be considered by us for

the reason that a plea of guilty waives any defects in form of allegations in an indictment. (*Weir* v. *United States,* 92 Fed. (2d) 634, 635 [114 A. L. R. 481]. Writ of *certiorari* denied, 302 U. S. 761 [58 Sup. Ct. 368, 82 L. Ed. 590].)

An order denying defendant's motion in arrest of judgment is nonappealable. (*People* v. *Rubens,* 11 Cal. App. (2d) 576, 579 [54 Pac. (2d) 98, 1107]; *People* v. *Planer,* 23 Cal. App. (2d) 251, 252 [72 Pac. (2d) 767].) Therefore, the purported appeals from the orders denying defendant's motions in arrest of judgment are dismissed.

For the foregoing reasons the judgments are and each is affirmed.

Moore, P. J., and Wood, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on June 27, 1940.