[Crim. No. 1887. Fourth Dist. Nov. 14, 1963.]

THE PEOPLE, Plaintiff and Respondent, v. ELZIE LEE PLUMMER, Defendant and Appellant.

Lynn R. McDougal, under appointment by the District Court of Appeal, and Linley, Duffy & Shifflet for Defendant and Appellant.

Stanley Mosk, Attorney General, and William E. James, Assistant Attorney General, for Plaintiff and Respondent.

GRIFFIN, P. J.—Defendant - appellant, represented by counsel, entered a plea of guilty in the municipal court to one count of issuing checks without sufficient funds. Count two was dismissed. Defendant, in propria persona, appealed from the judgment rendered in the superior court, denying probation and committing him to the California Institution for Men at Chino. He requested the appointment of counsel on appeal, and counsel who represented him in the superior court and at the preliminary examination was appointed. He filed a memorandum in lieu of an opening brief. Therein he reviews the facts and contentions attempted to be raised by defendant, i.e., that in correspondence with defendant, defendant proposes as the grounds for his appeal: (1) that count two of the complaint in the municipal court incorrectly alleged that defendant did "wilfully, with intent to defraud Verna Jones, an individual, and Mr. and Mrs. Willard Jones, doing business as Helix Liquor, " when in fact he gave the check to Mr. Willard Jones and did not see Mrs. Jones at that time; (2) that this check was made by Willard Jones and merely signed by defendant and that said check was given in exchange for an NSF check which defendant had previously negotiated to Mr. Jones and thus no money or goods were received at that time; (3) that the court which imposed sentence upon defendant was prejudiced by his prior record and was in effect sentencing him for his past crime for which he had "paid his debt to society" and accordingly the court erred in denying him probation; (4) that the plea of guilty was obtained by promise and coercion.

Counsel for defendant properly concedes that count two was dismissed and accordingly any claimed defect in it was immaterial; that any such claimed defect in count one would be immaterial where he had entered a plea of guilty to the charge. ■ Furthermore, a judgment entered on a plea of guilty is not appealable on the merits; irregularities not going to the jurisdiction or legality of the proceedings will not be reviewed. (*Stephens* v. *Toomey*, 51 Cal.2d 864, 865 [338 P.2d 182].) See also *People* v. *Dysart*, 39 Cal.App.2d 287 [102 P.2d 1091].)

■ An accused desiring consideration of a question of fact surrounding the commission of a crime should not plead guilty, but should stand trial and appeal from the judgment if convicted. (*Berg* v. *United States*, 176 F.2d 122.) ■ In the consideration of the application for probation, the court has the authority to consider the prior record of a defendant.

■ Probation is not a matter of right. (*People* v. *Johnson,* 9 Cal.App. 233 [98 P. 682] ; Pen. Code, § 1203.)

■ As to the fourth complaint, the attorney for defendant emphatically states that at no time did he represent to defendant, directly or by implication, that probation had been arranged or would be granted if a plea of guilty was entered; that in his first conference with defendant, defendant indicated that, through discussion with other inmates of the jail, it was the practice for the court to give only ''county time'' on a plea of guilty in NSF check cases; that defendant indicated that he wished to put himself ·on the mercy of the court and that he told defendant that there was a possibility of his getting one year or less in the county jail, but that there was no firm policy of the court to so act and that if defendant had any qualms about it he should go to trial on the issue; that neither he nor defendant ever discussed the contemplated plea with the district attorney or any other person employed by the State of California. In his claim, defendant does not designate any person or official who was supposed to have made any of the claimed promises. In *People* v. *Rose,* 171 Cal.App.2d 171 [339 P.2d 954], it was even held that assurances of the defendant's own attorney that he '' 'would positively be given probation' '' were not sufficient to vitiate a plea of guilty.

Appointed counsel has given a fair and understanding approach to the contentions defendant has attempted to raise, and we concur with the conclusion reached that no error appears requiring a reversal of the judgment.

The Attorney General has considered the entire case and points suggested and concluded that there is no meritorious issue to be determined by this court.

Judgment affirmed.

Coughlin, J., and Brown (Gerald), J., concurred.