[Crim. No. 9805.   Second Dist., Div. Two.   Apr. 21, 1965.]

THE PEOPLE, Plaintiff and Respondent, v. ARTHUR LOCKRIDGE et al., Defendants and Appellants.

Wardell G. Moss, under appointment by the District Court of Appeal, for Defendants and Appellants.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and David S. Sperber, Deputy Attorney General, for Plaintiff and Respondent.

ROTH, P. J.—Appellants, Arthur and Edward Lockridge, together with four codefendants, were charged by information with four Penal Code violations: Count I, section 211 (robbery); Count II, section 209 (kidnapping); County III, section 496 (theft and receiving stolen property); and Count IV, section 182 (conspiracy). At the preliminary hearing appellants, represented by the public defender, entered pleas of not guilty to all counts.

On December 19, 1963, when the case was called for trial in the superior court, appellants, represented by private counsel, substituted for the public defender, withdrew their pleas of not guilty on Count III and pleaded guilty to this charge. The remaining charges were dismissed on motion of the district attorney in the interests of justice. The change of plea to Count III was made on the advice of counsel. The record discloses no evidence or suggestion that there was a promise of leniency or immunity or any hope of reward made to appellants by their own counsel, the prosecution, or the court. The record, in fact, shows that prior to withdrawal of the plea of not guilty to Count III and the entry of a plea of guilty, appellants stated directly in open court that none of such promises were made.

On January 14, 1964, the trial court pronounced and entered judgment as to each appellant. On January 18, appellants filed a series of papers with the trial court entitled "Motion for Stay of Execution of Sentence" predicated on the desire of appellants to withdraw their pleas of guilty and to substitute pleas of not guilty. Appellants averred that they had entered their pleas solely on the advice of their attorney who, nonetheless, could have established their innocence through proper cross-examination of the prosecution's

witnesses. On January 23, 1964, the motion was granted in so far as it stayed execution of the sentence for thirty days. Notice of appeal had been filed on January 20, 1964.

Appellants contend that the court erred in refusing to permit them to withdraw their guilty pleas after judgment.

■ Appellants' plea of guilty to the charge alleged in Count III of the information forecloses them from raising any contentions going to the merits of their case, (*People* v. *Walker*, 216 Cal.App.2d 576, 577 [31 Cal.Rptr. 220]) or from questioning irregularities not going to the jurisdiction or legality of the proceedings. (*People* v. *Plummer*, 222 Cal. App.2d 280, 281 [35 Cal.Rptr. 53]; *People* v. *Rose*, 171 Cal.App.2d 171, 172 [339 P.2d 954].)

■ Appellants urge that the trial court was empowered to allow the withdrawal of the plea under Penal Code, section 1018. However, in *People* v. *Wade*, 53 Cal.2d 322, 339 [1 Cal. Rptr. 638, 348 P.2d 116], the court held that the trial court is without jurisdiction to entertain a withdrawal of a plea of guilty following the entry of judgment. ■ The Supreme Court pointed out that the proper procedure was for the defendant to petition the trial court for a writ of error *coram nobis*. The denial of the writ would then be subject to review on appeal. (*People* v. *Shipman*, 62 Cal.2d 226 [42 Cal.Rptr. 1, 397 P.2d 993].)

Accepting appellants' motion as a writ of error *coram nobis* (*People* v. *Kelly*, 184 Cal.App.2d 611, 613 [7 Cal.Rptr. 600]), it is clear that the trial court did not abuse its discretion in denying appellants' motion to withdraw their pleas of guilty.

■ ''The writ of *coram nobis* is granted only when three requirements are met. (1) Petitioner must 'show that some fact existed which, without any fault or negligence on his part, was not presented to the court at the trial on the merits, and which if presented would have prevented the rendition of the judgment.' . . . (2) Petitioner must also show that the 'newly discovered evidence . . . [does not go] to the merits of issues tried; issues of fact, once adjudicated, even though incorrectly, cannot be reopened except on motion for new trial.' . . . (3) Petitioner 'must show that the facts upon which he relies were not known to him and could not in the exercise of due diligence have been discovered by him at any time substantially earlier than the time of his motion for the writ.' [Citations.]

''In view of these strict requirements, it will often be readily apparent from the petition and the court's own records that

a petition for *coram nobis* is without merit and should therefore be summarily denied." (*People* v. *Shipman, supra,* 62 Cal.2d 226, 230.)

■ Appellants' motions fail to meet the legal requirements for a writ of error *coram nobis.* Appellants' sole ground for urging the vacation of the judgment was that their attorney advised them to plead guilty even though he could have established their innocence through proper cross-examination of the witnesses. There is no allegation or suggestion that appellants were in any way misled by their counsel. The record shows that the appellants were aware of all the facts upon which they based their motion prior to their change of plea.

The denial of the motion to vacate shows no abuse of discretion.

The judgments are affirmed.

Herndon, J., and Fleming, J., concurred.