**William C. CORWIN, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 23104.**

United States Court of Appeals, Ninth Circuit.

Feb. 17, 1970.

Certiorari Denied June 1, 1970. See 90 S.Ct. 1842.

Bruce P. Wolfe (argued), Los Angeles, Cal., for appellant.

Michael J. Lightfoot (argued), Asst. U. S. Atty., Wm. Matthew Byrne, U. S. Atty., Los Angeles, Cal., for appellee.

Before BARNES, CARTER and KILKENNY *, Circuit Judges.

PER CURIAM:

Appellant, along with two others, was charged in three counts with violations of 21 U.S.C. § 176a and in one count with a violation of 26 U.S.C. § 4742(a). He filed a motion to dismiss the indictment on the ground that prosecution of the/offenses charged in each count violated his Fifth Amendment rights. The motion was heard and denied. On trial, at the close of the government's case, appellant pleaded guilty to count two charging him with unlawful sale of marihuana in violation of § 176a. Thereupon, on motion of the government, the court dismissed the other three counts. From the conviction and sentence on the one count, this appeal is prosecuted. We affirm.

Although a plea of guilty is an admission of guilt and a waiver of all non-jurisdictional defects, United States v. Doyle, 348 F.2d 715, 718 (2d Cir. 1965), cert. denied 382 U.S. 843, 86 S. Ct. 89, 15 L.Ed.2d 84; Davis v. United States, 347 F.2d 374 (9th Cir.1965), such a plea does not waive a previous claim of constitutional privilege against

* United States District Judge for the District of Oregon, sitting by designation at the time of submission.

self-incrimination. Haynes v. United States, 390 U.S. 85, 88 S.Ct. 722, 19 L. Ed.2d 923 (1968); Whaley v. United States, 394 F.2d 399 (10th Cir.1968). Aside from the presumption therein contained, § 176a has now been held constitutionally valid. Witt v. United States, 413 F.2d 303 (9th Cir.1969); United States v. Cordova, 421 F.2d 471 (9th Cir., 1970).