[Civ. No. 49255. Second Dist., Div. Two. Jan. 12, 1977.]

JOHN R. SCOGGINS, Plaintiff and Appellant, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY,
Defendant and Respondent;
THE PEOPLE, Real Party in Interest and Respondent.

874

## COUNSEL

Richard T. Sykes for Plaintiff and Appellant.

No appearance for Defendant and Respondent.

Burt Pines, City Attorney, Ward G. McConnell and James M. Hodges, Deputy City Attorneys, for Real Party in Interest and Respondent.

## OPINION

COMPTON, J.—John R. Scoggins, who is the petitioner in this case, appeals from a judgment of the superior court denying his petition for a writ of mandate.

Because these proceedings arise from a criminal prosecution in which Scoggins is a defendant we will for the sake of clarity refer to him as defendant. The respondent People of the State of California are represented by the City Attorney of the City of Los Angeles.

In February of 1975, defendant was charged with violating Vehicle Code section 23102, subdivision (a) (driving under the influence of alcohol). The complaint alleged that defendant had suffered a prior conviction of the same offense in June of 1974. The effect of the prior conviction, if proved, is to aggravate the punishment in the event defendant is convicted of the present offense by imposition of a mandatory term in jail and a suspension of driving privileges.

Apparently at this writing which is almost two years from the time of the filing of the instant complaint, defendant has not yet been tried. This delay understandably has been occasioned by defendant's efforts to invalidate the prior conviction. Defendant first moved the trial court in November of 1975 and again in February 1976 to declare the prior conviction to be constitutionally invalid. Both motions were denied.

On February 25, 1976, defendant petitioned the superior court for a writ of mandate. That court issued an alternative writ but on April 16, 1976, that writ was discharged and the petition was denied. This appeal followed.

■ The prior conviction which is at issue here was the result of defendant pleading nolo contendere in the municipal court case No. 603733 on June 5, 1974, pursuant to a plea bargain. In that case sentence was suspended, defendant was placed on two years probation on condition that he pay a fine of $250. The trial judge ordered that defendant's driver's license not be suspended.

The record discloses that prior to entry of the plea, defendant, who was represented by counsel at all times, was fully advised by the judge of his right to a jury trial, right of confrontation and right against self-incrimination. Defendant voluntarily waived all of these rights.

Significantly, defendant was also told that if he was convicted again within the ensuing five years he would lose his driver's license for one year and would be required to serve a minimum of two days in jail plus a $250 fine. Defendant acknowledged all of this and entered his plea.

■ Defendant now asks this court to declare that conviction to be constitutionally defective because he was not "made aware of the possible range of sentences which could [have resulted] from his . . . plea." He cites *In re Tahl,* 1 Cal.3d 122 [81 Cal.Rptr. 577, 460 P.2d 449], and *Mills* v. *Municipal Court,* 10 Cal.3d 288 [110 Cal.Rptr. 329, 515 P.2d 273].

Defendant did not move in the prior case to have the plea set aside nor was there any appeal from the judgment. Instead he accepted the benefits of the plea bargain and at this point the time for such attack has long since expired as has the probationary period.

The underlying purpose of advising the defendant of his various constitutional rights and the consequences of pleading guilty or nolo contendere is to insure that the record discloses that the plea was in fact intelligently, providently and voluntarily entered. The rule has a substantive purpose and is not simply a ritualistic exercise.

*In re Tahl, supra,* at page 132, requires that the record contain evidence that the defendant ". . . *was aware* . . . of the nature of the charge and *the consequences of his plea.*" (Italics added.) In a footnote on page 133 the court indicates that among these consequences is the permissible range of sentences for the offense.

Common sense dictates that the court need only apprise defendant of the sentence possibilities in a general fashion. It is not necessary that defendant be given a detailed lecture on criminal procedure as it pertains to all the various dispositional devices available. We reiterate the goal is a voluntary and provident plea and a record by which a reviewing court can judge the attainment of that goal.

In the case of a plea bargain, such as the one reached in this case, the sentence is fixed prior to the plea and is known to the defendant. (*People v. West*, 3 Cal.3d 595 [91 Cal.Rptr. 385, 477 P.2d 409].) Presumptively a defendant in striking a bargain knows that the possible penalty could be greater than that bargained for. In any event where a bargain is struck and the sentence is in accord with the bargain, there is no purpose to be served by the court discussing with the defendant, in the abstract, the possible range of punishments for the charge. ■ The record here shows clearly that defendant was *aware* of the consequences of his plea.

The judgment is affirmed.

Roth, P. J., and Beach, J., concurred.