[No. AO18044. First Dist., Div. One. Apr. 28, 1983.]

THE PEOPLE, Plaintiff and Respondent, v.
JOHN WITHEROW, Defendant and Appellant.

[No. AO20182. First Dist., Div. One. Apr. 28, 1983.]

In re JOHN WITHEROW on Habeas Corpus.

COUNSEL

Richard A. Lieberman, under appointment by the Court of Appeal, for Defendant and Appellant and Petitioner.

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, William D. Stein, Assistant Attorney General, Ann K. Jensen and Morris Lenk, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

**ELKINGTON, J.**—We have consolidated defendant Witherow's appeal from a judgment, based upon his plea of guilty to a charge of possessing a concealable firearm by one who had previously been convicted of a felony (Pen. Code, § 12021), with his related initial and supplemental applications for a writ of habeas corpus.

For reasons we now state we affirm the judgment and deny the habeas corpus application.

*The Appeal*

■ It is first contended that: "The trial court committed reversible error in sentencing appellant without stating its reasons for imposing the upper term."

As further argued by Witherow: "Following his guilty plea, appellant was sentenced to the upper term of three years in accordance with the negotiated disposition pursuant to Penal Code section 1192.5. At sentencing, the trial court followed the terms of the negotiated disposition, however, it failed to articulate the reasons for its decision to impose the upper term."

It was part of the negotiated disposition on Witherow's guilty plea that he be given "the upper term of three years." Announcing to the court the plea bargain, his attorney said that a stipulation had been reached that "the sentencing be the *maximum three years*." (Our italics.) And the court thereupon expressly advised Witherow that the guilty plea's acceptance "was on the condition you be given the *upper term*." (Italics added.) To which Witherow replied, "Agreed."

In sentencing a defendant to an upper term pursuant to a plea bargain "the court, in stating its reasons for that sentence choice, need only give the bargain as its reason and need not give any other reason." (*People* v. *Sutton* (1980) 113

Cal.App.3d 162, 163 [169 Cal.Rptr. 656].) And manifestly, the court need not iterate the terms of the bargain to which the defendant had expressly agreed. In such a case, "where a bargain is struck and the sentence is in accord with the bargain, there is no purpose to be served by the court discussing with the defendant, in the abstract, the possible range of punishments for the charge." (*Scoggins* v. *Superior Court* (1977) 65 Cal.App.3d 873, 877 [135 Cal.Rptr. 619].) And: "Well established is the rule that the People will be held strictly to the terms of a plea bargain made with a criminally accused. . . . It seems reasonable and just, at least where no public policy, or statutory or decisional or constitutional principle otherwise directs, that the accused also be held to his agreement." (*In re Troglin* (1975) 51 Cal.App.3d 434, 438 [124 Cal.Rptr. 234].)

The instant contention is thus devoid of merit.

■ The remaining assignment of error on Witherow's appeal is stated by him as follows: "The court failed to inform the appellant of the possibility that he may have to serve a term on parole following the completion of his sentence; thus, appellant was sentenced improperly as well as denied full advisement of the consequences of his plea."

Here we note that upon acceptance of Witherow's proffered plea bargain the court stated, "its on the condition you be given the upper term, strike the [prior] prison term, *plus the parole period . . .*," to which condition Witherow also *expressly* "agreed." And as the proceedings were ending, the court asked: "Do you have any questions you want to ask me as to the potential consequences?" Witherow answered, "No, sir."

Witherow was reasonably and properly informed of the possibility of a parole period following his prison term.

Moreover, the record indicates that Witherow, a repetitive criminal offender, was knowledgeable and wise in matters such as that, ordinarily if not inevitably, periods of parole follow prison terms. Indeed, the ostensible purpose of his plea bargain was to gain some real, or imagined, advantage in relation to a parole which he explained as follows—"My problem which I am trying to work on is that, okay, if I am sentenced on State time and I had to do my State time first with a Federal detainer on me for parole violation, at the end of my state time then I would be turned over to Federal authorities. I would start my parole violation from that term, and I would have another three years to do, which would make my time consecutive"—a result which he hoped to avoid by his guilty plea.

Again, no merit is seen in the contention.

*The Habeas Corpus Application*

On his habeas corpus application and the supplements thereto, Witherow first tells us that his attorney, discussing the contemplated plea bargain, "informed him that 'on a three-year sentence, you would do two (2) years (i.e., with conduct credits), and that's it.' Petitioner understood this to mean that he would serve two (2) years in prison and that would be it." The information, he states, was incorrect because a parole period would be added to the three-year (or two-year) prison term. He then declares that he was not aware of the parole period, and would not have entered his guilty plea had he been informed of it.

Witherow's contention is refuted by the record which, as noted, establishes that he was told by the court that he would be given the upper three-year term, *"plus the parole period,"* to which he *expressly* "agreed."

Another contention of the habeas corpus application is that, upon his guilty plea, Witherow was not advised that "he would automatically be subjected to forfeiture of credit towards his federal sentence for all the time he served on parole under the provisions of [U.S. Code title 18] Section 4210 (b)(2)." He misconstrues the cited statute as providing for "automatic forfeiture" of parole credits. Instead, it provides that the Federal Parole Commission shall, in its discretion, as to one situated as was Witherow, "determine . . . whether all or any part of the unexpired term being served at the time of parole shall run concurrently or consecutively with the sentence imposed for the new offense, . . ."

Here again the record appears to belie Witherow's argument. At the plea bargain proceedings, and as we have heretofore pointed out, he explained to the court and counsel: "[I]f I am sentenced on State time and I had to do my State time first with a Federal detainer on me for parole violation, at the end of my State time then I would be turned over to Federal authorities. I would start my parole violation from that term, and I would have another three years to do, which would make my time consecutive."

The contention accordingly lacks merit.

■ As an additional ground for issuance of the writ, Witherow argues that his instant conviction for violation of Penal Code section 12021 must be reversed and the action dismissed, for the state's denial of his right to a hearing under Penal Code section 1550.1.

Penal Code section 1550.1 is found in that portion of the code which, among other things, relates to extradition of fugitives from justice from this state to another state. Upon proper demand therefor by another state, it becomes the duty of this state's Governor, under Penal Code section 1549.2, to "sign a warrant" for the fugitive's arrest. But before his delivery to the other state the

fugitive must be taken before a magistrate, and given an opportunity "to test the legality of his arrest" and "to apply for a writ of habeas corpus." (*Pen. Code,* § *1550.1*)

We observe initially that Penal Code section 1550.1 confers a statutory, not a constitutional, right upon one coming within its provisions; no contrary contention is, or could reasonably be, made. And: "It has long been settled that one may waive a right created by statute for his benefit, and that the rule applies . . . in criminal cases." (*People* v. *Manriquez* (1922) 188 Cal. 602, 606 [206 P. 63, 20 A.L.R. 1441].)

Here Witherow pleaded guilty to the charge leading to the judgment of conviction here under review. By pleading guilty he not only admitted "every element of the offense charged" (see *People* v. *Stewart* (1969) 1 Cal.App.3d 339, 343 [81 Cal.Rptr. 562]), but also waived "all nonjurisdictional defects" in the earlier proceedings. (*Corwin* v. *United States* (9th Cir. 1970) 423 F.2d 33.) He had waived all procedural irregularities "'not going to the jurisdiction or legality of the proceedings.'" (*Stephens* v. *Toomey* (1959) 51 Cal.2d 864, 870 [338 P.2d 182].) Previous procedural error or irregularities, committed in the course of otherwise jurisdictional or legal proceedings, will *not* be reviewed following a guilty plea. (*People* v. *DeVaughn* (1977) 18 Cal.3d 889, 895-896 [135 Cal.Rptr. 786, 558 P.2d 872]; *People* v. *Navarro* (1966) 243 Cal.App.2d 755, 758 [52 Cal.Rptr. 686]; *People* v. *Lockridge* (1965) 233 Cal.App.2d 743, 745 [43 Cal.Rptr. 925]; *People* v. *Plummer* (1963) 222 Cal.App.2d 280, 281 [35 Cal.Rptr. 53]; and see: *People* v. *Chadd* (1981) 28 Cal.3d 739, 748 [170 Cal.Rptr. 798, 621 P.2d 837]; *People* v. *Hughes* (1980) 112 Cal.App.3d 452, 460 [169 Cal.Rptr. 364]; *People* v. *Tabucchi* (1976) 64 Cal.App.3d 133, 141 [134 Cal.Rptr. 245]; *People* v. *Herrera* (1967) 255 Cal.App.2d 469, 471 [63 Cal.Rptr. 96]; *People* v. *Dysart* (1940) 39 Cal.App.2d 287, 292 [102 P.2d 1091]; *People* v. *Blumen* (1927) 87 Cal.App. 236, 243 [261 P. 1103].)

This instantly claimed error, if it was error, was patently committed in the course of constitutionally, jurisdictionally, and legally conducted proceedings; again no contrary contention is made. The claimed error was therefore waived by Witherow's guilty plea and will *not* here be reviewed. It therefore becomes unnecessary to consider the asserted Penal Code section 1550.1 error.

On the habeas corpus application, Witherow has presented neither a "colorable claim" (see *People* v. *Pope* (1979) 23 Cal.3d 412, 428 [152 Cal.Rptr. 732, 590 P.2d 859, 2 A.L.R.4th 1]), nor a "prima facie case" (see *In re Lawler* (1979) 23 Cal.3d 190, 194 [150 Cal.Rptr. 833, 588 P.2d 1257]), for relief.

The judgment (AO18044) is affirmed. The application for the writ of habeas corpus (AO20182) is denied.

Racanelli, P. J., and Newsom, J., concurred.