Filed 6/20/13  P. v. Fahey CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G047489 |
| v. | (Super. Ct. No. 09HF0428) |
| MATHEW MACUL FAHEY, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a judgment of the Superior Court of Orange County, Patrick Donahue, Judge.  Affirmed.

Ava R. Stralla, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

\*          \*          \*

Defendant Mathew Macul Fahey filed a notice of appeal. His appointed counsel filed a brief setting forth a statement of the case, but advised this court she found no issues to support an appeal. Fahey filed his own written brief after we provided him an opportunity to do so. We conclude Fahey's arguments are without merit, and after conducting an independent review of the record under *People v. Wende* (1979) 25 Cal.3d 436, we affirm.

FACTS

An amended felony complaint filed in April 2009 charged Fahey with committing lewd acts on a child under age 14 (Pen. Code, § 288, subd. (a); all statutory references are to the Penal Code unless noted) between January 1996 and December 1998 (count 3), and again in September 2001 (count 1), and possessing child pornography (§ 311.11, subd. (a)) in June 2008 (count 2). The complaint alleged Fahey had substantial sexual conduct (§ 1203.066, subd. (a)(8) [masturbation]) with the victim in count 3, and committed sexual offenses against more than one victim (§ 667.61, subd. (b), (e)).

Laguna Beach Police Officer Deborah Kelso testified at Fahey's October 2010 preliminary hearing that in May 2008 Nicole F. (born in February 1991) disclosed she met Fahey at the beach in September 2001. He claimed he was a professional photographer and asked to photograph her. After a subsequent photo shoot at a park, Nicole accompanied Fahey to a Laguna Beach apartment. Fahey asked her to remove her shirt and get on a bed. She complied, and he took additional photos of her in her jeans and underwear. He then asked her to remove her pants and get on her hands and knees. He took photos of her vagina. He then physically manipulated her vagina and took additional close-up photos. He moved his finger back and forth and told her not to tell her mother.

2

Alex S. (born in January 1989) stated Fahey dated her mother when Alex was eight years old. The three were watching television under a comforter when Fahey put his hand down Alex's pants, manipulated her vagina, and inserted his finger into her vagina. The incident lasted at least 20 minutes.

Kelso seized Fahey's computer in June 2008. It contained photographs of nude young girls touching their vaginal areas and holding dildos, and young children involved in oral copulation and sexual intercourse. Fahey denied downloading child pornography, which he described as disgusting. Images would "pop up" on his computer and he would look out of curiosity. None of the photos were of Nicole.

An information filed in October 2010 charged Fahey with the offenses mentioned above. Fahey's retained counsel declared a conflict and the court appointed the public defender in July 2011.

Fahey pleaded guilty to the three felony counts in September 2012. The prosecutor agreed to dismiss the enhancing allegations. Fahey initialed and signed a *Tahl* form waiving his constitutional and statutory rights. He expressly waived his right to appeal from "any and all decisions and orders" of the superior court made in the case, including motions to suppress evidence, his guilty plea, and "any legally authorized sentence the court imposes which is within the terms and limits of" the plea agreement. He also waived his right to a probation report. He agreed the court would sentence him to prison for 10 years and 8 months, he would receive credit for 1,270 days of actual custody and 108 days of conduct credit as limited by section 2933.1. He agreed to various fines and fees, and acknowledged he would be required to register as a sex offender (§ 290) for the rest of his life.

Fahey provided the following factual basis for his plea: "In Orange County, California, on September 5, 2001, I did commit a lewd and lascivious act on Nicole F., who was under 14 years of age, with the intent [of] appealing to my own sexual desires. On or between January 2, 1996 and December 31st, 1998, I did commit a

3

lewd and lascivious act on Alex S., who was under 14 years of age, with the intent [of] appealing to my own sexual desires.  On June 3, 2008, I knowingly possessed matter, knowing that it depicted persons under the age of 18 engaging in sexual conduct as defined in PC 311.4(d)."

Fahey's attorney acknowledged he had explained Fahey's rights to him, discussed the charges, possible defenses, sentence ranges and immigration consequences with Fahey, and concurred with Fahey's decision to waive his rights and plead guilty.

At the September 21, 2012 plea and sentencing hearing, Fahey expressly waived his constitutional rights on the record, and the trial court accepted Fahey's guilty plea and sentenced him to the agreed upon sentence, comprised of the upper eight-year term for the lewd act offense against Nicole, a consecutive two-year term for the offense against Alex, and an eight-month term for possession of child pornography.  Fahey stated he was "very, very, very sorry for everybody having to go through this.  And I want to say thank you for making me believe in the justice system and due process again."

Fahey filed a notice of appeal in October 2012 based on the sentence or other matters occurring after the plea that did not affect the validity of the plea.  He requested a certificate of probable cause, asserting in a lengthy request that his "conduct-credit tabulation" had been miscalculated.  He claimed his attorney rendered constitutionally defective representation and alleged the prosecutor committed misconduct concerning the deliberate destruction of evidence, including forensic exams and the testimony of the alleged victims.  He alleged the Laguna Beach Police Department illegally destroyed or altered material evidence but Fahey's attorney refused to investigate.  He also complained about the "misapplication of" Penal Code section 667.61 in the "indictment," which was "based on flawed science" and applied unconstitutionally to a certain class of people, which resulted in a high bail and three and a half years of pretrial confinement under "bla[tantly] unconstitutional conditions" that affected his "cognitive reasoning and awareness."  He also asserted there was "'new

4

evidence'" related to the child pornography offense that raised "serious doubt" he "'knowingly'" possessed the material. He also stated there was an ex post facto problem with this conviction "in that at the time of the offense (pre-2007) 311.11(a) was not a serious or violent felony subject to 2 years in prison and a consecutive sentencing enhancement." The trial court certified there was probable cause for the appeal.

A minute order reflects that on October 24, 2012, Fahey's trial counsel advised the trial court Fahey's conduct credits under section 2933.1 had been miscalculated. The court recalculated the presentence conduct credits, granting 190 days rather than 108 days of conduct credit, and prepared an amended abstract of judgment.

POTENTIAL ISSUES

Fahey's appellate lawyer identifies several potential issues for our consideration: (1) Whether the trial court properly advised Fahey of his constitutional rights and the consequences of pleading guilty, and whether he validly waived those rights before pleading guilty; (2) Whether imposition of the upper term on count 1 as a condition of the plea agreement violate Fahey's right to a jury trial (*Blakely v. Washington* (2004) 542 U.S. 296, 301; *Cunningham v. California* (2007) 549 U.S. 270); (3) Whether the court failed to state reasons for imposing consecutive terms; and (4) Whether the court correctly awarded conduct credits under Penal Code section 2933.1.

The record reflects Fahey was advised in writing on the *Tahl* form and on the record of the consequences of pleading guilty and of the constitutional rights he was waiving. Fahey executed a *Blakely/Cunningham* waiver, which acknowledged and waived his right to a court or jury trial concerning factors that could be used to increase his sentence on any count. He also agreed the court would sentence him to prison for 10 years and 8 months as a condition of the plea agreement. At sentencing, the court stated "[p]ursuant to the agreement, the court will select the aggravated term of eight years on count 1." A trial court is not required to provide reasons for imposing an upper

5

term under a plea bargain because the defendant expressly agreed to the sentence. (*People v. Sutton* (1980) 113 Cal.App.3d 162, 163, 165; *Scoggins v. Superior Court* (1977) 65 Cal.App.3d 873, 877 [where sentence is in accord with plea bargain, there is no need to discuss with the defendant the possible range of punishments for the charge].) We also note Fahey's sentence was legally authorized, and Fahey waived his right to appeal "any legally authorized sentence the court imposes which is within the terms and limits of" the plea agreement. Finally, section 2933.1 limits presentence conduct credits to 15 percent of actual custody credits whenever the defendant has suffered a current conviction for a violent felony (§ 667.5) and the terms for the violent and nonviolent offenses run consecutively. (*People v. Baker* (2002) 144 Cal.App.4th 1320, 1326-1327.) Fahey suffered two violent felony convictions for lewd or lascivious acts (§§ 288, subd. (a), 667.5, subd. (c)(6)) in addition to his nonviolent conviction for possession of child pornography (§ 311.11). The court therefore properly imposed consecutive terms pursuant to the plea agreement.

Fahey has filed a 23-page supplemental letter brief. He states he is not contesting "the underlying validity of the plea" but is "respectfully asking this Court . . . to clarify those issues I could not understand at the time" he pleaded guilty. We note during the plea colloquy, Fahey stated he had read the *Tahl* form "completely," he understood what he read, and his lawyer answered "[e]very single one" of his questions.

Fahey apparently objects to the statutorily-mandated limitation on worktime credits under section 2933.1, subdivision (a). Section 2933.1 generally provides persons convicted of a crime and sentenced to state prison serve their entire sentence. But "[n]otwithstanding any other law, any person who is convicted of a felony offense listed in subdivision (c) of Section 667.5 [defining violent felonies] shall accrue no more than 15 percent of worktime credit, as defined in Section 2933."

Because the trial court sentenced Fahey to prison for two violent felony convictions for committing lewd acts, his suggestion his "most current [*sic*, recent]

6

offense" (possession of child pornography) should control his entitlement to conduct credits, and that only "recidivist," "habitual" or "3rd strike offenders" should have their conduct credits limited, is supported by neither law nor reason. Section 2933.1 applies to persons currently convicted of violent offenses, not only to "habitual violent offenders."

Fahey also argues that because section 2933.1 only pertains to violent felonies, the fact his lewd act convictions also qualify as "serious" felonies (§ 1192.7, subd. (c)(6)) "eliminat[es] them from the harsher penalties under section 2933.1, subdivision (a)." The language of section 2933.1 applies "*Notwithstanding any other law*," and therefore refutes Fahey's claim.

Likewise, Fahey does not explain how his *eligibility* for probation made application of section 2933.1 "a violation of law." The cases cited by Fahey stand for the proposition the section 2933.1 limitation on credits does not apply when a defendant is placed on probation rather than sentenced to prison as occurred in this case. (See *In re Carr* (1998) 65 Cal.App.4th 1525, 1535-1536; *People v. Daniels* (2003) 106 Cal.App.4th 736, 739 [*Carr* does not apply where a defendant is initially placed on probation but sentenced to state prison when probation is revoked].)

Fahey's suggestion he did not receive notice of the limitation on prison credits is not well taken. The charging documents advised him the sex offenses were violent felonies, which was sufficient to inform him of the nature of the charges, including the 15 percent limitation on credits. (*People v. Fitzgerald* (1997) 59 Cal.App.4th 932, 936-937.) Moreover, the *Tahl* form advised Fahey that pretrial credits were limited to 15 percent, so it could have come as little surprise, even assuming he knew of the prison credits scheme, that he would not receive full credits.

Fahey does not explain how his section 2933.1 "credit liability" can be considered "multiple punishment" under section 654. Nothing in the record supports Fahey's claim he is a "low risk" offender, nor does Fahey explain why it is unconstitutional to apply a "'delayed-release provision'" such as section 2933.1 to him.

Fahey is not subject to a "life-time punishment" under 2933.1, rather he received the 10-year, 8-month sentence promised as part of the plea bargain. Of course, his convictions might have future effect if he is subsequently convicted of other offenses. Also, he must register as a sex offender for life.

Fahey complains the credit limitation denies "an inmate the ability to earn program credits that might include treatment" and asks "Is it not a goal of CDCR to rehabilitate?" This is a matter for the Legislature, not the courts.

Fahey also objects to the punishment imposed for his conviction for possessing child pornography (count 2), asserting the offense was previously deemed a misdemeanor or a felony/misdemeanor wobbler. But Fahey pleaded guilty and admitted violating section 311.11 in June 2008. At that time, section 311.11 provided "Every person who knowingly possesses or controls any [prohibited matter as described], . . . *is guilty of a felony* and shall be punished by imprisonment in the state prison, or a county jail for up to one year, or by a fine not exceeding two thousand five hundred dollars ($2,500), or by both the fine and imprisonment." (Italics added.)

Section 311.11 would ordinarily grant the trial court discretion to impose a jail sentence or a prison sentence. If the court imposed a jail sentence, the maximum term would be one year. If the court imposed a prison sentence, no term of imprisonment is specified in section 311.11. Because no term of imprisonment is prescribed, section 18 applies. It provides: "[E]very offense declared to be a felony is punishable by imprisonment for 16 months, or two or three years in the state prison unless the offense is punishable pursuant to subdivision (h) of Section 1170." (§ 18, subd. (a).)

Section 18 is not ambiguous, the consecutive term was authorized, and the resulting sentence is not absurd. Fahey does not explain how the "rule of lenity" applies in this appeal, or how his sentence violates ex post facto provisions.

Fahey also claims he pleaded guilty to section 311.11 assuming he would receive an eight-month *concurrent* term. The *Tahl* form clearly shows he agreed to a

consecutive eight-month (one-third midterm) prison term for his violation of section 311.11. He did not object when the court imposed the consecutive term. He says the 10-year, 8-month sentence for a "first offense" does not appear "logical." But he pleaded guilty to three separate offenses committed at different times against different victims. As noted, he agreed to this sentence.

Fahey suggests his plea was entered under duress and that he has or had serious medical and mental issues, but nothing in the record supports these claims. We note during the plea colloquy, Fahey stated he was entering into the agreement freely and voluntarily, no one made any threats, and no promises were made other than what appeared on the *Tahl* form.

Fahey mentions prison or jail overcrowding and an "'over-crowding reduction order'" but does not explain how this relates to this appeal. He mentions a "federal rule 60" but does not explain what this is or how it applies to his case.

Finally, Fahey insists that he pleaded guilty "to the offenses only" and not to the "unreliable, false, misleading, and reckless details of the police report." By pleading guilty to the offenses, Fahey waived his right to challenge the underlying facts of the charges. We also note no legal basis exists for distinguishing between a guilty plea in relation to the charges and a guilty plea in relation to the underlying facts.

We discern no arguable issues from counsel's brief, Fahey's letter brief, or in our independent review of the record. Because Fahey waived his right to appeal, we will affirm the appeal.

DISPOSITION

The appeal is affirmed.


ARONSON, J.

WE CONCUR:


O'LEARY, P. J.


RYLAARSDAM, J.