Filed 11/26/13  P. v. Moore CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>FINITO MURICE MOORE,<br><br>        Defendant and Appellant. | A138755<br><br>(Napa County<br>Super. Ct. No.CR163702) |

This is an appeal following pleas of no contest.  Appellate counsel has reviewed the file in this case and has determined there are no meritorious issues to raise on appeal.  She has complied with the relevant case authorities, indicating *People v. Wende* (1979) 25 Cal.3d 436 and its progeny apply here.  She has also notified defendant of his right to file a supplemental brief.  Defendant has filed a two-page letter brief indicating his concern about the failure of his previous  trial counsel and the court to advise him about the strike consequences, collateral in nature, of his no contest plea to a felony violation of Penal Code section 422 in 2007.  Upon independent review of the record, we conclude that no arguable issues are presented for review and affirm the judgment.

**STATEMENT OF FACTS**

On October 31, 2012, the Napa County District Attorney filed in the superior court a complaint charging Finito Murice Moore with driving under the influence and driving with a suspended license.  (Veh. Code, §§ 23152, subds. (a) & (b), 14601.2, subd. (a).)  Sentence enhancements under Vehicle Code sections 23550 and 23550.5 were also alleged, as well as a prior strike allegation pursuant to Penal Code section 667,

1

subdivisions (b)–(i).  On November 8, 2012, Moore turned himself in to the police.  On November 14, 2012, Moore pleaded not guilty to all counts and denied the allegations, and was remanded into custody, with bail set at $100,000.

A preliminary hearing was held on November 28, 2012 and when completed, Moore was held to answer on the charges in the complaint.  An information was filed alleging the same offenses and allegations in the complaint.  At a readiness conference on January 30, 2013, Moore pled no contest to one count of driving under the influence of alcohol (Veh. Code, § 23152, subd. (a)), admitted three prior convictions for driving under the influence, and admitted a prior strike allegation.  Counts two and three of the information and all remaining allegations were dismissed by the prosecutor.

On April 23, 2013, Moore filed a motion seeking an evidentiary hearing to determine if a strike based on an April 7, 2007 plea to Penal Code section 422 (terrorist threats) was constitutional.  (*People v. Coffey* (1967) 67 Cal.2d 204 (*Coffey*).)  Moore maintained his prior plea was not a knowing and intelligible waiver of rights since he did not understand at the time the offense could be a future strike.  On May 7, 2013, the trial court held the hearing and denied Moore's application.

At the end of the hearing, the court sentenced Moore to a term of imprisonment for 16 months, which it then doubled to 32 months based on the strike enhancement.  The court also imposed a restitution fine of $280 and a DUI fine of $4,134.

On May 22, 2013, Moore filed a notice of appeal.

**STATEMENT OF FACTS**

On October 5, 2012, Moore was stopped for running a red light at SR-29 and American Canyon Road.  The officer noticed when he spoke with Moore that defendant had an odor of alcohol on his breath.  Observed by the officer in the cup holder next to Moore was a can of beer.  Defendant acknowledged he had been drinking since 9:00 a.m.  Based on the officer's professional experience and training, he suspected Moore was operating his vehicle under the influence of alcohol.  He asked defendant to take the field sobriety test wherein Moore performed poorly.  The preliminary alcohol screening tests administered to Moore resulted in a blood-alcohol content of 0.247 and 0.249 percent.

2

When Moore entered his plea of no contest, he advised the court he wished to further review the validity of his 2007 plea to Penal Code section 422. The court advised him that if that plea was unconstitutional, the strike would be removed. The trial court also fully advised Moore of his *Boykin-Tahl* rights. (*Boykin v. Alabama* (1969) 395 U.S. 238 (*Boykin*); *In re Tahl* (1969) 1 Cal.3d 122 (*Tahl*).)

On May 7, 2013, a hearing was held regarding the 2007 prior under *Coffey*, *supra*, 67 Cal.2d 204. Moore argued that plea was taken without defendant being advised there could be strike consequences in the future. He was therefore not fully advised of the consequences of his plea. He argued he did not make an intelligent and knowing waiver of his rights. The district attorney responded that a "charge doesn't become a strike unless and until there is a [subsequent] felony conviction. So there is no necessity to advise [defendant] of [the consequence]." The prosecutor argued a court is only obligated to advise the accused of the direct consequences of his plea, not possible enhancements like potential strikes.

Moving papers filed in this matter indicate Moore entered his plea of no contest on February 28, 2007. He was represented by counsel at the time. The *Boykin-Tahl* waiver form was provided to the court. Also, Moore was specifically asked by the trial court regarding his waiver of rights and he answered affirmatively. He specifically acknowledged he understood what he was doing and had no questions regarding the proceedings. At the time of the plea to a felony charge of Penal Code section 422, Moore also entered a no contest plea to a misdemeanor violation of Vehicle Code section 23152.

The trial judge in the instant case denied Moore's request under *Coffey*. The court relied on *People v. Sipe* (1995) 36 Cal.App.4th 468, 479, advising Moore a court does not need to advise an accused of possible consequences of future behavior. Also, the court noted a conviction for Penal Code section 422 has no effect on a person unless and until he commits a new felony. Hence he need not be advised of the "Three Strikes" law.

## DISCUSSION

Regarding case law pertaining to advising defendant that his felony plea to Penal Code section 422 would be a strike, the courts distinguish between direct and collateral

3

consequences of a no contest plea. Punishment for the offense pled to is a direct consequence of the plea. However, a defendant need not be informed of the possible range of penalties to the admitted charge if the sentence to be imposed has been agreed upon as part of a plea bargain and the stipulated sentence is known by the defendant. (*Scroggins v. Superior Court* (1977) 65 Cal.App.3d 873.)

A trial court's obligation to advise the defendant of the direct consequences of a no contest plea is not constitutionally compelled. It arises from a judicially created rule of criminal procedure. (*People v. Walker* (1991) 54 Cal.3d 1013, 1022, overruled on other grounds in *People v. Villalobos* (2012) 54 Cal.4th 177, 183.) It follows from this notion, that any error in accepting a plea without such admonitions of potential consequences may cause the plea to be set aside only if it is reasonably probable the defendant would have entered a different plea had he been advised. (*People v. McClellan* (1993) 6 Cal.4th 367, 378–381; *In re Moser* (1993) 6 Cal.4th 342, 351–352.) Also, any error is waived absent a timely objection. (*People v. McClellan,* at pp. 377–378; *People v. Walker*, at p. 1023.) In the instance of the plea by Moore in 2007, defendant was not advised at the time of the plea he was pleading to a strike. This was not constitutionally required he be so advised. While it may have been the better practice to indicate a plea to Penal Code section 422 potentially could be a strike prior, there appears no constitutional or judicial mandate such take place. The impact of the prior only has significance because of the voluntary conduct by Moore on October 5, 2012. Also in his *Coffey* challenge in the instant case, defendant provides no declaration he would have refrained from pleading no contest to the terrorist threat charge and driving under the influence offense had he known the section 422 offense would be a strike. He omits the foundation required by *McClellan* and *Moser*.

In this case, defendant entered a plea of no contest to a felony and admitted certain enhancements. Neither Moore nor his counsel petitioned the court to certify the sentencing hearing for any legal reason and the record reflects there is no certificate of probable cause included in the judgment. Appellate review of noncertified issues after a

4

sentencing is limited.  (Pen. Code, § 1237.)  Defendant was ably represented by trial counsel below.  We find nothing that merits upsetting the result in this matter.

The conviction here is affirmed.

_____
Dondero, Acting P.J.

We concur:


_____
Banke, J.


_____
Sepulveda, J.[*]

_____

[*] Retired Associate Justice of the Court of Appeal, First Appellate District assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

5